## SCHUBRING v SCHUBRING

Docket No. 133028. Submitted April 11, 1991, at Lansing. Decided July 23, 1991, at 9:40 A.M.

Michele P. Schubring and Leonard W. Schubring were divorced in 1986 by order of the Oakland Circuit Court, and were awarded joint legal custody of their two minor children, with physical custody being awarded to Leonard. During the school year, Michele has had visitation rights every other week from Thursday through Monday at her home, and during summer recess, the parties shared custody on an alternating two-week schedule. In February, 1990, Leonard reentered the Air Force and was assigned to a base in Florida. He moved to change the children's domicile, and Michele responded with a motion to change physical custody. The court, Steven N. Andrews, J., denied Michele's motion for a change of custody. Michele appealed.

The Court of Appeals *held:*

The court abused its discretion in determining that the best interests of the children dictated that they remain in their father's custody and move to Florida. It was established by a preponderance of the evidence that a change in circumstances occurred to the extent that a change in custody is in the best interests of the children. A change in custody would preserve the highly successful status quo as much as possible under the circumstances, and provide continuity and stability. The trial court abused its discretion in failing to change custody to the mother during the school year.

Reversed.

1. Divorce — Child Custody — Appeal.

A child custody award may be modified on a showing of proper cause or change of circumstances that establishes that modification is in the best interests of the child (MCL 722.27; MSA 25.312[7]).

References

Am Jur 2d, Appeal and Error § 772; Divorce and Separation § 1011.
See the Index to Annotations under Custody and Support of Children.

2. DIVORCE — CHILD CUSTODY — APPEAL — DE NOVO REVIEW.
   An appellate court reviews child custody decisions de novo and
   exercises independent judgment on the basis of the evidence.

*Chartrand & Badgley* (by *Robert L. Badgley*), for
Michele Schubring.

*Peres, Lindsay & Allen* (by *Douglas J. Lindsay*),
for Leonard Schubring.

Before: WEAVER, P.J., and MACKENZIE and
GRIBBS, JJ.

PER CURIAM. Plaintiff mother appeals as of right
from an order denying her motion to change cus-
tody of the parties' two minor children, Samantha
Dawn, born January 31, 1979, and Courtney Ryan,
born April 5, 1982. We reverse.

The parties were divorced in 1986. They were
awarded joint legal custody, with physical custody
being granted to defendant father. During the
school year, plaintiff has had visitation every other
week from Thursday through Monday at her home
in Holly, about ten miles from defendant's home
in Clarkston. During summer recess, the parties
have shared custody on an alternating two-week
schedule. Plaintiff has also frequently visited with
the children at other, unscheduled times, including
taking the girls to gymnastics classes on Saturday
mornings when the girls were not visiting with
her.

Both of the parties have remarried. Defendant
and his current wife have another child, and the
girls get along with their stepmother and enjoy
their brother. The girls also get along well with
plaintiff's current husband.

In February 1990, defendant decided to reenter
the Air Force and was assigned to Homestead Air
Force Base in Florida. Defendant then moved to

change the children's domicile, and plaintiff responded with her motion to change physical custody. Following a hearing, a friend of the court referee recommended that physical custody of the children be changed so that plaintiff would have custody of the children during the school year and defendant would have custody during vacations. After reviewing the transcript of the hearing, the trial court declined to adopt this recommendation, and denied plaintiff's motion for change of custody.

Under the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.,* a custody award may be modified on a showing of proper cause or change of circumstances which establishes that modification is in the best interests of the child. MCL 722.27; MSA 25.312(7). It is well settled that in determining the best interests of a child, a trial court must consider each of the factors contained in § 3 of the act, MCL 722.23; MSA 25.312(3), and state a conclusion on each. *Arndt v Kasem,* 135 Mich App 252, 255; 353 NW2d 497 (1984); *Wilkins v Wilkins,* 149 Mich App 779, 785; 386 NW2d 677 (1986). The failure to make such specific findings is error requiring reversal. *Arndt, supra.* The findings of fact should be reviewed by this Court under the clearly erroneous standard. See *Beason v Beason,* 435 Mich 791, 798; 460 NW2d 207 (1990).

Before *Beason,* child custody decisions were considered de novo by this Court, and the evidence was examined apart from the trial court's findings of fact. See *Outcalt v Outcalt,* 40 Mich App 392; 198 NW2d 779 (1972). Because child custody decisions are fundamentally dispositional in nature, we are of the opinion that this de novo standard of review remains the appropriate standard for reviewing such decisions after *Beason.* Compare *Burkey v Burkey (On Rehearing),* 189 Mich App 72, 78-79; 471 NW2d 631 (1991). We therefore con-

tinue to "[exercise] independent judgment in passing upon the evidence" in child custody cases. *Outcalt, supra,* p 394.

Our de novo review in this case leads us to conclude that the trial court abused its discretion in determining that the best interests of the children dictated that they remain in defendant's custody and move to Florida. MCL 722.28; MSA 25.312(8). We are convinced that it was established by a preponderance of the evidence[1] that a change in circumstances has occurred such that a change in custody is in the best interests of these children.

The record shows that the children are thriving in their present environment. Their teachers indicated to the friend of the court field investigator that the girls are doing well in school. They are involved in a number of social activities and extracurricular educational activities. They are well adjusted and comfortable in both school and social settings. If they resided with plaintiff, they would be able to continue to live in the same community. Plaintiff has made arrangements for them to attend the same schools and will move if necessary to assure ongoing attendance in Clarkston schools. The girls would be able to participate in the same extracurricular activities, and maintain their present social relationships. A change in custody would preserve the highly successful status quo as much as possible under the circumstances. It would also provide these girls continuity and significantly more stability than the move to a military base in Florida that would result if custody were continued with defendant. Under these circumstances, we are convinced that the trial court abused its

---

[1] The trial court's conclusion that there was no custodial environment within the meaning of MCL 722.27(1)(c); MSA 25.312(7)(1)(c) is not challenged in this appeal. Thus, the appropriate standard of proof is the preponderance of the evidence rather than clear and convincing evidence.

discretion in failing to change custody to plaintiff during the school year.

Reversed.