WELLMAN v WELLMAN

Docket No. 162643. Submitted November 2, 1993, at Detroit. Decided January 18, 1994, at 9:25 A.M.

William G. Wellman obtained a divorce from Kimberly A. Wellman in the Wayne Circuit Court, James E. Mies, J. The court awarded the parties joint legal custody of their two minor children, with physical custody being awarded to the defendant and visitation rights being granted to the plaintiff. The plaintiff appealed the custody decision.

The Court of Appeals *held:*

MCL 722.26a(1); MSA 25.312(6a)(1) requires a trial court to consider an award of joint custody where requested to do so by either party. The trial court must determine whether joint custody is in the best interest of the child involved by considering the factors enumerated in MCL 722.23(a)-(k); MSA 25.312(3) (a)-(k) and whether the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child.

In this case, the trial court did not make findings of fact against the great weight of the evidence or commit a palpable abuse of discretion or a clear legal error on a major issue in determining that the factors enumerated in § 3(a)-(k) and the parties' inability to cooperate and agree with regard to decisions affecting the welfare of their children supported an award of joint legal custody, with physical custody being awarded solely to the defendant and visitation being granted to the plaintiff.

Affirmed.

*Ivie J. Shelton,* for the plaintiff.

*C. Brian James,* for the defendant.

Before: GRIBBS, P.J., and SHEPHERD and P. E. DEEGAN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

SHEPHERD, J. Plaintiff appeals as of right from a judgment of divorce entered on February 23, 1993. The judgment awarded the parties joint legal custody of their two minor children, with physical custody being vested in defendant, subject to specific visitation by plaintiff. We affirm.

Plaintiff and defendant were married on April 23, 1988, and separated after approximately 3½ years of marriage when plaintiff left defendant in November 1991. Their first child, Abby Kay Wellman, was born on March 6, 1990. The second child, Kelsey Ann Wellman, was born on April 17, 1992. Defendant was pregnant with the parties' second child when plaintiff left defendant.

This appeal concerns only the issue of custody. Thus, it is important to note at the outset the applicable standard of review on appeal. In accordance with *Beason v Beason,* 435 Mich 791, 798; 460 NW2d 207 (1990), in divorce cases, this Court reviews the trial court's findings of fact for clear error. *Fletcher v Fletcher,* 200 Mich App 505, 522; 504 NW2d 684 (1993). A finding is clearly erroneous if the appellate court, after considering all the evidence, is left with a definite and firm conviction that a mistake has been committed. *Harper v Harper,* 199 Mich App 409, 410; 502 NW2d 731 (1993). Because child custody decisions are dispositional in nature, a trial court's ultimate decision is subject to review de novo. *Fletcher, supra* at 512. However, while our review is de novo, it is also limited by § 8 of the Child Custody Act, MCL 722.28; MSA 25.312(8), as follows:

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evi-

dence or committed a palpable abuse of discretion or a clear legal error on a major issue.

In substance, custody disputes between parents are governed by MCL 722.26a; MSA 25.312(6a). In particular, at the request of either parent, as here, the trial court "shall consider an award of joint custody, and shall state on the record the reasons for granting or denying a request." MCL 722.26a(1); MSA 25.312(6a)(1). As used in that section, the term "joint custody" means an order that specifies either that "the child shall reside alternately for specific periods with each of the parents," or that "the parents shall share decision-making authority as to the important decisions affecting the welfare of the child," or both. MCL 722.26a(7); MSA 25.312(6a)(7). The trial court must determine whether joint custody is in the best interest of the child by considering the factors enumerated in MCL 722.23; MSA 25.312(3), and by considering whether "the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child." MCL 722.26a(1)(a) and (b); MSA 25.312(6a)(1)(a) and (b).

I

First, plaintiff argues that it was inconsistent for the trial court to deny joint physical custody on the basis that the parties were not able to cooperate sufficiently, and yet grant joint legal custody. However, we do not see any inconsistency.

In the present case, the trial court found that the parties were unable to communicate and cooperate with respect to visitation, and denied joint physical custody because it was not in the best interests of the children "to be bounced back and

forth" between their parents. Reviewing the record, we are not convinced that the trial court's factual finding concerning the parties' inability to communicate was erroneous. *Harper, supra* at 410. There was evidence that the parties had difficulty in agreeing on visitation arrangements during the pendency of the divorce, and there was also other evidence of their inability to cooperate and communicate effectively during the marriage. Thus, in light of the parties' failure to cooperate in the past, it was reasonable for the court to conclude that one parent should be granted primary physical custody, while the other received specific visitation. We cannot say that the court made a finding of fact against the great weight of the evidence, abused its discretion, or committed an error of law in this regard. MCL 722.28; MSA 25.312(8).

Further, we are not convinced that it was inconsistent for the trial court to grant joint legal custody while denying joint physical custody. While the parties may have had prior disagreements over visitation, there was also evidence that it was in the children's best interests to maintain more contact with their father than one would normally expect if the mother had sole custody and the father had nothing more than visitation rights. Although the factors listed in MCL 722.23; MSA 25.312(3) favored defendant, there was nevertheless some evidence that plaintiff could contribute to the well-being and growth of his children through the making of joint decisions. The parties were essentially equal with regard to many of the factors. Although the parties may have needed a structured visitation plan—with primary physical custody granted to defendant—they undoubtedly complemented each other in various respects. Thus, again, we cannot say that the trial court made a finding of fact against the great weight of

the evidence, abused its discretion, or committed an error of law in this case by granting joint legal custody but denying joint physical custody. MCL 722.28; MSA 25.312(8).

II

Next, plaintiff argues more generally that in denying joint physical custody the trial court placed undue emphasis on the parties' inability to communicate and cooperate. However, the record reflects otherwise.

Reviewing the transcript of the proceedings below, it is readily apparent that the trial court considered each of the factors outlined in MCL 722.23; MSA 25.312(3), along with the parties' ability to cooperate, in accordance with MCL 722.26a(1)(a) and (b); MSA 25.312(6a)(1)(a) and (b). As discussed in issue III, *infra,* the trial court carefully considered each of the statutory factors and made specific findings on the record before granting physical custody to defendant. *Schubring v Schubring,* 190 Mich App 468, 470; 476 NW2d 434 (1991). The trial court did not make findings of fact against the great weight of the evidence, commit an error of law, or abuse its discretion. MCL 722.28; MSA 25.312(8).

III

For his third issue, plaintiff urges us to review the record below and find that the preponderance of the evidence favored an award of joint physical custody. Here, we must consider the factors outlined in MCL 722.23; MSA 25.312(3), as well as the general level of cooperation and agreement between the parties when determining the best interests of the children. MCL 722.26a(1)(a) and (b);

MSA 25.312(6a)(1)(a) and (b). As noted above, we will not disturb the trial court's factual findings unless they are clearly erroneous. *Harper, supra* at 410.

MCL 722.23; MSA 25.312(3) requires consideration of eleven factors:

> "Best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:
>
> (a) The love, affection, and other emotional ties existing between the parties involved and the child.
>
> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and continuation of the educating and raising of the child in its religion or creed, if any.
>
> (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.
>
> (d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
>
> (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
>
> (f) The moral fitness of the parties involved.
>
> (g) The mental and physical health of the parties involved.
>
> (h) The home, school, and community record of the child.
>
> (i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.
>
> (j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
>
> (k) Any other factor considered by the court to be relevant to a particular child custody dispute.

In the instant case, the trial court found that the parties were essentially equal with regard to factor a, concerning the love, affection, and other emotional ties, as well as with regard to factor .b, concerning the capacity to give love, affection, and guidance. We cannot say that these findings were clearly erroneous, because there was testimony that both parties deeply cared for and desired custody of the children, and they both contributed affection and guidance during the marriage.

Under factor c, concerning the ability to provide medical care and material needs, the court also found the parties equally situated. Again, we cannot say that this finding was clearly erroneous, because the children were adequately cared for both before the separation (when plaintiff contributed to the children's needs) as well as after the separation (when defendant primarily took care of the children's needs).

Under factor d, concerning the maintenance of a stable, satisfactory environment, the trial court found in favor of defendant. This finding is supported by the record because defendant continued to care for the children at home after plaintiff left his family in November 1991.

Factor e concerns the permanence of the custodial home. The trial court found that this factor did not have a bearing on custody in this case because the financial situation of the parties would require the sale of the marital home. The record supports the trial court's conclusion.

Factor f concerns the moral fitness of the parties. The trial court found the parties equal with regard to this issue, and we have not found any reason to conclude otherwise.

Factor g concerns the mental and physical health of the parties. Here, the trial court found that defendant had a slight advantage over plain-

tiff because there was some evidence that plaintiff was narcoleptic. On appeal, plaintiff urges this Court to find that the parties were equal with regard to this factor in light of recent medical evidence that he does not have narcolepsy. However, plaintiff was instructed to produce such evidence in the proceedings below and was given ample time to do so. Plaintiff did not present additional evidence until after the trial court's custody decision; he did, however, present the evidence before the judgment of divorce was entered. Plaintiff was successful in his motion to set aside an order that restricted him from driving the minor children, but the trial court did not change its custody determination after considering the new evidence. While there may be some merit to the argument that the parties were essentially equal under factor g, we will not reverse an award of custody where there is other evidence that the party who was awarded custody retains an overall advantage. *Mann v Mann,* 190 Mich App 526, 537-538; 476 NW2d 439 (1991). Thus, it is necessary to consider the other factors.

The trial court found factors h and i inapplicable in light of the children's young age. We must agree because the children were too young to have a home, school, or community record, or to express a preference between the parents.

Under factor j, the trial court found that plaintiff had somewhat of an advantage, apparently because of defendant's reluctance to allow visitation during the early stages of the divorce. We cannot say that the trial court erred with respect to this factor.

Under factor k, the trial court considered the request for joint custody. The court noted that the parties had some difficulty in the areas of communication and cooperation, and emphasized that

plaintiff left his wife with one child while she was pregnant with another. The court also emphasized that both defendant and plaintiff's mother testified that they were shocked when they learned that plaintiff wanted a divorce. The court then found that joint physical custody would not be in the best interests of the children, given their young ages of 6½ months and 2½ years.

After reviewing the evidence and the trial court's findings, we are not convinced that the court made findings of fact against the great weight of the evidence, abused its discretion, or committed an error of law when it decided against joint physical custody. MCL 722.28; MSA 25.312(8); *Fletcher, supra* at 509. As previously noted, there was ample evidence of the parties' inability to cooperate concerning visitation, and the statutory factors weighed in favor of defendant. Considering the parties' history and the young age of the children, we must agree that joint physical custody would not be in the children's best interests. MCL 722.26a(1); MSA 25.312(6a)(1). Thus, we will not disturb the decision of the trial court. MCL 722.28; MSA 25.312(8).

IV

Finally, plaintiff argues that MCL 722.26a; MSA 25.312(6a) creates a presumption in favor of joint physical custody. However, we do not agree that the statute creates such a presumption. Where either party requests joint custody, MCL 722.26a(1); MSA 25.312(6a)(1) merely requires that "the court shall consider an award of joint custody, and shall state on the record the reasons for granting or denying a request." The trial court "may" consider an award of joint custody in other cases. MCL 722.26a(1); MSA 25.312(6a)(1). How-

ever, by its plain language, the statute does not provide for any presumption of joint custody. Thus, this issue is also without merit.

Affirmed. Appellee's request for costs pursuant to MCR 7.216(C) is denied because this appeal was not vexatious.