# Order

Michigan Supreme Court
Lansing, Michigan

July 9, 2021

161674 & (68)

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

BRIDGET LEE BOFYSIL,
        Plaintiff-Appellee,

v

SARAH LYNNE BOFYSIL,
        Defendant-Appellant.

SC: 161674
COA: 351004
Jackson CC: 18-001635-DM

_____/

On order of the Court, the motion to expedite is GRANTED. The application for leave to appeal the April 23, 2020 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

VIVIANO, J. (*dissenting*).

I respectfully dissent from the Court's decision to deny leave to appeal. In this child custody case, the Court of Appeals appears to have run roughshod over the standard of review in its haste to issue a published opinion rebuking the trial court for its "improper reliance on [plaintiff's] relationship with a married woman and its bias against [plaintiff's] role as a working parent . . . ." *Bofysil v Bofysil*, 332 Mich App 232, 248 (2020). In addition to erroneously substituting its own factual findings for those of the trial court, the Court of Appeals mischaracterized the trial court's findings and misapprehended the applicable law. For these reasons, I would affirm in part, vacate in part, and reverse in part the judgment of the Court of Appeals.

The trial court in this case issued a judgment of divorce that granted defendant primary physical and sole legal custody of the parties' minor child but awarded plaintiff parenting time on alternating weekends. Regarding physical custody, the trial court found that the child had an established custodial environment (ECE) with defendant but not plaintiff, stating, in relevant part, as follows:

> [Defendant] was the stay at home mom while the parties were together and she has had primary physical custody continuously since they separated. [The child] naturally looks currently to the parent she is with for love,

affection and the necessities of life. Since that parent is usually Defendant, as she is with her the majority of the time, the Court finds an established custodial environment exists with Defendant.

The trial court also indicated that its decision would have been the same even if it had found that an ECE existed with both parents. The court believed that the evidence supported granting primary physical custody to defendant under both the preponderance-of-the-evidence standard and the clear-and-convincing-evidence standard.

After reviewing the best-interest factors, MCL 722.23, the trial court determined that there was clear and convincing evidence that its custody and parenting-time awards were in the child's best interests. Turning to legal custody, the trial court found that the parties failed to agree on anything pertaining to the child, that plaintiff had refused to engage in joint parenting, and that plaintiff was harsh and abusive in her communications. For those reasons, it awarded sole legal custody to defendant because it awarded her primary physical custody.

The Court of Appeals affirmed in part the judgment of divorce but vacated the custody award and remanded for further proceedings, holding that (1) the evidence preponderated against the trial court's ECE finding, (2) the trial court abused its discretion in its physical-custody award, and (3) the trial court abused its discretion in awarding sole legal custody to defendant. The Court of Appeals believed that it was an error for the trial court to "discount the role" of plaintiff simply because she "worked outside the home to support her family" and that the "error influenced the applicable burden of proof and permeated the court's assessment of the child's best interests." *Bofysil*, 332 Mich App at 236. The Court of Appeals clearly viewed the evidence differently than the trial court and would have made different findings if it had acted as the finder of fact.

The findings of a trial court in child custody cases are ordinarily entitled to great deference. See *Pierron v Pierron*, 486 Mich 81, 85 (2010) ("Under the Child Custody Act, MCL 722.21 *et seq.*, 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' MCL 722.28. Under this standard, a reviewing court should not substitute its judgment on questions of fact unless the factual determination *clearly preponderates* in the opposite direction.") (some citations and quotation marks omitted; emphasis added); *Maier v Maier*, 311 Mich App 218, 221 (2015) ("In child custody cases, an abuse of discretion occurs if the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.") (cleaned up).

First, it is important to note that the Court of Appeals applied the wrong standard. The Court of Appeals held that "[t]he evidence preponderates against the circuit court's

[ECE] finding." *Bofysil*, 332 Mich App at 243.  But the correct standard is whether the factual determination *clearly preponderates* against the finding below, not just whether it *preponderates* against that finding.  *Pierron*, 486 Mich at 85.[1]

Second, I disagree that the evidence clearly preponderates against the trial court's ECE finding, as the trial court indicated that it would have made the same decision regarding custody even if an ECE existed with both parents, and the trial court made clear that it believed that the evidence supported its custody determination even under the clear-and-convincing-evidence standard.  Contrary to the assertion of the Court of Appeals, the trial court's ECE determination did not "permeate[] the court's assessment of the child's best interests."  *Bofysil*, 332 Mich App at 236.  In light of the explanation from the trial court regarding its ECE determination, and given the Court of Appeals' error in applying the proper standard of review, I would vacate Part III of the Court of Appeals opinion.[2]

---

[1] Although it stated the correct standard in the standard-of-review section, the Court either made a clerical error when applying that standard or made a substantive error by applying the wrong standard and reversing without meeting the appropriate standard.

[2] I question whether the trial court even needed to establish whether an ECE existed. MCL 722.27(1)(c) states, in relevant part, "*The court shall not modify or amend its previous judgments or orders or issue a new order* so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child."  (Emphasis added.)  Based on the language of the statute alone, it is not clear to me that a court must determine whether an ECE exists before entering a *judgment* of divorce.  The statute distinguishes between judgments and orders.  The court must determine whether an ECE exists before modifying or amending a *previous* judgment or order or a *new* order.  But the statute does not indicate that the initial entry of a judgment is also subject to this requirement.

However, the Court of Appeals has stated that MCL 722.27 requires a trial court "to determine whether there is an established custodial environment with one or both parents before making *any* custody determination."  *Kessler v Kessler*, 295 Mich App 54, 61 (2011).  In at least one case, the Court of Appeals held that "an original action in circuit court involving the determination of custody" is not subject to the ECE requirement of MCL 722.27(1)(c).  *Helms v Helms*, 185 Mich App 680, 682 (1990).  But since then, multiple panels have held that a trial court is required to make a finding regarding whether an ECE existed if a temporary custody order existed, even when the judgment being challenged is not an amended judgment.  See, e.g., *Jack v Jack*, 239 Mich App 668, 670 (2000); *Bowers v Bowers*, 190 Mich App 51, 53-54 (1991).

This seeming conflict between the statute and appellate decisions is an issue that should be reviewed in an appropriate future case.

Third, in rebuking the trial court for looking at the fact that plaintiff worked outside the home in making a decision about physical custody, the Court of Appeals appears to have approached the case with a presumption that each parent should have joint physical custody. But the Child Custody Act contains no such presumption. *Wellman v Wellman*, 203 Mich App 277, 285 (1994). Rather, a trial court "shall determine whether joint custody is in the best interest of the child by considering the [best-interest] factors" enumerated in MCL 722.23. MCL 722.26a(1).

Fourth, the Court of Appeals mischaracterized the trial court's findings with respect to Best-Interest Factors (a), (b), and (c).[3] Regarding Factors (a) and (b), the Court of Appeals opined that defendant staying home to raise the child while plaintiff worked to "support the family does not equate with one parent loving the child more or having more affection for the child." *Bofysil*, 332 Mich App at 246. The Court of Appeals' observation is no doubt correct, but it is beside the point. The trial court said nothing about which parent loved the child more or had more affection for the child, and Factors (a) and (b) do not look at who has more love or affection.[4] As for Factor (c), contrary to the Court of Appeals' assertion, the trial court did not "fail to credit [plaintiff] for financially supporting . . . her family." *Bofysil*, 332 Mich App at 246. Rather, the trial court simply noted defendant's capacity and disposition to also support the child due to

---

[3] Factor (a) requires consideration of the following: "The love, affection, and other emotional ties existing between the parties involved and the child." MCL 722.23(a). Factor (b) focuses on "[t]he capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any." MCL 722.23(b). And Factor (c) considers "[t]he capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs." MCL 722.23(c).

[4] I disagree with the underlying premise of the Court of Appeals that a trial court is precluded from factoring in the amount of time that a parent spends with the child in its findings regarding Factors (a) and (b). Indeed, it is hard to understand how the love, affection, and emotional ties between a parent and her child would not be impacted by the amount of time the two spend together. See, e.g., *Argel v Argel*, unpublished per curiam opinion of the Court of Appeals, issued June 12, 2018 (Docket No. 340148), p 5 (rejecting the defendant's argument "that the trial court placed too much emphasis on how much time the child spent with plaintiff without regard to the child's bond with defendant" and explaining "that the plaintiff shared a stronger bond, given her daily and consistent contact with the child as the child's primary caregiver"); Miller, *Custody and Couvade: The Importance of Paternal Bonding in the Law of Family Relations*, 33 Ind L Rev 691, 733 (2000) (listing "spends time with the child" as one of the factors that indicate bonding between a parent and child).

receiving child support—and there is no evidence to support the conclusion that the trial court was incorrect in that assessment.

Fifth, the Court of Appeals' determination that the trial court erred in relying on plaintiff's infidelity in its determination of Factors (d) and (e) conflicts with prior caselaw from this Court.[5]  We have previously held that extramarital relationships cannot be considered in the analysis of Factor (f) (moral fitness) because they "are not necessarily a reliable indicator of how one will function within the parent-child relationship." *Fletcher v Fletcher*, 447 Mich 871, 887-888 (1994).  In the present case, the Court of Appeals thought that it was improper for the trial court to consider plaintiff's new relationship in analyzing Factors (d) and (e), stating that it "was improper under any factor." *Bofysil*, 332 Mich App at 247, citing *Fletcher*, 447 Mich at 886-887.  But in *Fletcher* we clarified that "[t]o the extent that one's marital misconduct actually does have an identifiable adverse effect on a particular person's ability or disposition to raise a child, those parental shortcomings often may be reflected in other relevant statutory factors." *Fletcher*, 447 Mich at 887.  Thus, it was not improper for the trial court to look at plaintiff's new relationship in its analysis of Factors (d) and (e).  And plaintiff's parental shortcomings due to her infidelity were reflected in other factors—specifically Factors (d) and (e)—as explained by the trial court.  The Court of Appeals' analysis of these factors is clearly erroneous and in direct conflict with the limitation we placed on our holding in *Fletcher*.

Finally, I do not believe that the Court of Appeals clearly erred by finding that the trial court abused its discretion in awarding sole legal custody to defendant.[6]  But I believe that it was improper for the Court of Appeals to impose a requirement that on remand the trial court "must take into account alternative communication methods, if feasible" in assessing the parties' ability and willingness to communicate for purposes of making a decision as to legal custody. *Bofysil*, 332 Mich App at 250.  The Court cited no authority for the proposition that a trial court must consider alternative means of communication, and nothing in MCL 722.26a references alternative means of communication.  The Court of Appeals exceeded its mandate by imposing this requirement on remand.

The Court of Appeals opinion is wrong as a matter of fact, as a matter of law, and

---

[5] Those factors are, respectively, "[t]he length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity," MCL 722.23(d), and "[t]he permanence, as a family unit, of the existing or proposed custodial home or homes," MCL 722.23(e).

[6] Although there were some disagreements, the record did not support the trial court's statement that "the parties have demonstrated a total failure to agree on anything that pertains to the minor child."

in its application of the standard of review. For these reasons, I would (1) vacate Part III of the Court of Appeals opinion; (2) reverse the Court of Appeals' analysis of Best-Interest Factors (a) through (e); and (3) affirm the Court of Appeals' holding that the trial court abused its discretion in awarding sole legal custody, but vacate the portion of its opinion regarding alternative communication methods.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 9, 2021



b0706

Clerk