*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICK J. GREENWAY, SR.,

        Plaintiff-Appellee,

v

LESLIE A. LUBBEN,

        Defendant-Appellant.

UNPUBLISHED
September 21, 2023

No. 365635
Kent Circuit Court
LC No. 21-003555-DC

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Plaintiff and defendant are the biological parents of a child that is subject to the parties' Consent Judgment for Custody. The trial court denied defendant a change in the legal custody of the child. We affirm.

The parties entered into a Consent Judgment for Custody of the child that awarded plaintiff sole legal custody, ordered that the parties would share joint physical custody consistent with the judgment's written schedule, ordered that communication between the parties was confined to "Our Family Wizard," and ordered that the issue of child support would be referred to the Friend of the Court for a further recommendation. Specifically, regarding legal custody, the Consent Judgment ordered that defendant was only permitted to "attend and ask questions, but not participate in decisions, in the minor child's medical appointments using a virtual option."

Defendant was held in contempt for violating the Consent Judgment for Custody twice: once for directly contacting plaintiff outside of "Our Family Wizard," and once for physically taking the child to a medical appointment in which she inquired about the child's vaccination options.

Defendant moved for joint legal custody of the child, and she argued that plaintiff had failed to facilitate appropriate communication about the child's health regarding the child's ability to get vaccinated for COVID-19 and the flu. The trial court found that there was no proper cause or change in circumstance to modify custody, and instead the facts demonstrated that defendant continued to overstep her custody as ordered in the Consent Judgment for Custody.

-1-

Defendant now appeals on the limited issue of the trial court denying her request to change the legal custody of the child. This Court applies "three standards of review in custody cases." *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000):

> The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. [*Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003) (cleaned up).]

"All custody orders must be affirmed on appeal unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion, or the circuit court made a clear legal error on a major issue." *Lieberman v Orr*, 319 Mich App 68, 76-77; 900 NW2d 130 (2017) (cleaned up).

With regard to custody and parenting-time orders, the trial court may "[m]odify or amend its previous judgments or orders for proper cause shown or because of change of circumstances." MCL 722.71(1)(c). The party seeking to modify or amend the order must "establish proper cause or change in circumstances, [otherwise] the court is precluded from holding a child custody hearing." *Vodvarka*, 259 Mich App at 508. "The movant . . . has the burden of proving by a preponderance of the evidence that either proper cause or a change of circumstances exists before the trial court can consider whether an established custodial environment exists and conduct a review of the best-interest factors." *Id*. at 509.

"[I]f the movant does not establish proper cause or change in circumstances, then the court is precluded from holding a child custody hearing[.]" *Id*. at 508. It is not the case that any fact relevant to the best-interest factors will constitute sufficient cause. "Rather, the grounds presented must be legally sufficient, i.e., they must be of a magnitude to have a significant effect on the child's well-being to the extent that revisiting the custody order would be proper." *Id*. at 512. This Court has defined the term "proper cause" to mean "one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Id*. at 511.

Defendant argues that this Court stated in *Pennington v Pennington*, 329 Mich App 562; 944 NW2d 131 (2019), that a disagreement concerning the medical care of the child constitutes proper cause to change legal custody. Defendant ignores, however, that this Court vacated the trial court's order that awarded the defendant primary physical custody after the parties disagreed about whether the child's medical evaluations were necessary, *id*. at 573-574, holding that the parties' disagreement did not amount to a change in circumstance, *id*. at 575-576.

In this case, defendant does not articulate the disagreement that she had with plaintiff concerning the child's medical care, and she does not argue that the disagreement affected the well-being of the child. Instead, defendant argues that she is a more fit parent than plaintiff because plaintiff engaged in actions to make her look unfit. Defendant also argues that the trial court relied

on her contemptuous behavior to deny the change in legal custody, but, when read in context, the trial court held that the only change in circumstances found by the trial court included defendant's inappropriate behavior. Simply put, defendant does not demonstrate that any disagreement between her and plaintiff necessitated a change in legal custody.

Defendant also argues that this Court held in *Wellman v Wellman*, 203 Mich App 277; 512 NW2d 68 (1994), that joint legal custody is appropriate even when one parent is granted sole-physical custody. Defendant ignores, however, that this Court held that joint physical custody is not presumed when there is joint legal custody, *id*. at 285, and *Wellman* does not stand for the proposition that she is entitled to joint legal custody without demonstrating that a change in custody would be in the child's best interest. Defendant argues that she is in a position "far superior to that of the noncustodial parent in *Wellman*," but she fails to establish how a change of legal custody would benefit the child except to state that it would be beneficial for the child to see her more often.

Accordingly, the trial court did not err in denying defendant's motion to change the legal custody of the child.

Affirmed.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney