*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KYLE VANERDEWYK,

        Plaintiff-Appellee,

v

MIRANDA EVE SEILER,

        Defendant-Appellant.

UNPUBLISHED
November 4, 2021

No. 355719
Clinton Circuit Court
Family Division
LC No. 15-025708-DP

Before: MARKEY, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

The parties had joint physical and legal custody of their minor child. Plaintiff moved to change both legal and physical custody. Following an evidentiary hearing, the trial court awarded plaintiff sole legal custody while leaving the joint physical custody arrangement in place. Defendant appeals by right, and we affirm.

## I. BACKGROUND

The parties' minor child was born in December 2014. Plaintiff and defendant were never married and their relationship ended. The parties have engaged in extensive litigation in the trial and appellate courts, arguing over virtually every conceivable facet associated with child custody and support. Relevant here, in November 2018, a stipulated order was entered pursuant to which the parties agreed to joint physical and legal custody of the child and equal parenting time. After multiple motions and rulings on a variety of issues, plaintiff moved for sole legal and physical custody in September 2020. An evidentiary hearing on the motion was conducted over two days, October 21, 2020, and November 2, 2020. Each of the parties testified.

The trial court rendered a ruling from the bench, but because of an apparent malfunction of the recording equipment, the court later repeated its oral ruling at a hearing on January 12, 2021. The trial court concluded that while plaintiff failed to meet the burden of establishing proper cause or a change of circumstances for the purpose of modifying physical custody, he satisfied that burden with respect to the issue of legal custody. The trial court expressed concerns about defendant's "mental and physical well-being," her conduct in withholding from plaintiff the Chromebook used for the child's schooling, defendant's "lack of sharing of information" relative

-1-

to scheduled Zoom classes, and her failure to use the child's full last name on his records. The trial court found that "[t]here had been an escalation of disagreements and expanded contested topics between the parties." The court also concluded that defendant was unwilling to work with plaintiff without a third party being involved and that defendant preferred that the court decide matters. The trial court next ruled that there was an established custodial environment with both parties and, therefore, plaintiff had the burden of proving by clear and convincing evidence that it was in the child's best interests to award sole legal custody to plaintiff. In analyzing the best-interest factors under MCL 722.23, the court found that plaintiff was favored in regard to factors (b), (g), (h), and (*l*) and that the remaining factors were either inapplicable or favored neither party—they were equal. The trial court determined that there was clear and convincing evidence that awarding plaintiff sole legal custody was in the child's best interests.

## II. CHANGE OF CUSTODY – ANALYTICAL FRAMEWORK

MCL 722.27(1)(c) provides that in a child custody dispute, the trial court, for the best interests of the child at the center of the dispute, may "modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances." But the court is not permitted to "modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c). "These initial steps to changing custody—finding a change of circumstance or proper cause and not changing an established custodial environment without clear and convincing evidence—are intended to erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003) (quotation marks omitted).[1]

In *Dailey v Kloenhamer*, 291 Mich App 660, 666; 811 NW2d 501 (2011), this Court addressed the concepts of proper cause and a change of circumstances relative to "legal" custody and, applying them to the facts of the case, held:

> Plaintiff argues that the circuit court erred when it determined that a change in circumstances or a proper cause existed to review the custody order. We disagree. The record demonstrates that the parties' disagreements have escalated and expanded to topics that could have a significant effect on the child's well-being. The parties disagree over the proper educational course for the child. More significantly, since the date of the last custody order, the parties have continued to

---

[1] The first step in the analysis is to determine whether the moving party has established proper cause or a change of circumstances, applying a preponderance of the evidence standard. *Vodvarka*, 259 Mich App at 508-509. "Although the threshold consideration of whether there was proper cause or a change of circumstances might be fact-intensive, the court need not necessarily conduct an evidentiary hearing on the topic." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).

disagree about the child's medical treatment. Plaintiff scheduled an appointment at Mott for a pulmonary function test without defendant's knowledge, but defendant opposed the child's going to Mott and filed a motion to prevent the test. Later, the parties were unable to agree on when and how to wean the child from his asthma medications. Additionally, defendant wished to proceed with the allergist's recommendation of a skin test for the child, but plaintiff opposed the test absent express instructions from the Mott physician. The parties' recurrent disagreements delayed the child's medical treatment; further delay could have a detrimental effect on the child's well-being. These medical delays are directly relevant to the best-interest factor set forth in MCL 722.23(c) (capacity and disposition to provide the child with medical care).

In *Pierron v Pierron*, 486 Mich 81, 92-93; 782 NW2d 480 (2010), the Michigan Supreme Court discussed the next step of the analysis if proper cause or a change of circumstances is established, stating:

> If the proposed change would modify the established custodial environment of the child, then the burden is on the parent proposing the change to establish, by clear and convincing evidence, that the change is in the child's best interests. Under such circumstances, the trial court must consider all the best-interest factors because a case in which the proposed change would modify the custodial environment is essentially a change-of-custody case.

The statutory best-interest factors are set forth in MCL 722.23.[2]  And it is ultimately an assessment of the best-interest factors that governs a trial court's decision on custody.  See MCL

---

[2] MCL 722.23 provides:

> As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:
>
> (a) The love, affection, and other emotional ties existing between the parties involved and the child.
>
> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.
>
> (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.
>
> (d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

722.25(1) ("If a child custody dispute is between the parents, between agencies, or between third persons, the best interests of the child control.").  "Where the trial court has failed to analyze the issue of child custody in accord with the mandates of MCL 722.23 and make reviewable findings of fact, the proper remedy is to remand for a new child custody hearing." *Bowers v Bowers*, 190 Mich App 51, 56; 475 NW2d 394 (1991).  It is also important to keep in mind that the analysis requires contemplation of Michigan law on joint custody, which is codified in MCL 722.26a, providing as follows:

> (1) In custody disputes between parents, the parents shall be advised of joint custody. At the request of either parent, the court shall consider an award of joint custody, and shall state on the record the reasons for granting or denying a request. In other cases joint custody may be considered by the court. The court shall determine whether joint custody is in the best interest of the child by considering the following factors:

> (a) The factors enumerated in [MCL 722.23].

> (b) Whether the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child.

> (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

> (f) The moral fitness of the parties involved.

> (g) The mental and physical health of the parties involved.

> (h) The home, school, and community record of the child.

> (i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

> (j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. A court may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a child or that parent from sexual assault or domestic violence by the child's other parent.

> (k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

> (*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

In *Wright v Wright*, 279 Mich App 291, 299-300; 761 NW2d 443 (2008), this Court applied MCL 722.26a(1)(b), ruling:

> [T]he record reflects a deep-seated animosity between the parties and an irreconcilable divergence in their opinions about how to foster each child's well-being. This antagonism even affected their ability to make civil parenting exchanges. Therefore, joint custody was not an option, because the record reflected that the parties would not be able to cooperate and generally agree concerning important decisions affecting the welfare of the child. [Quotation marks omitted.]

"In order for joint custody to work, parents must be able to agree with each other on basic issues in child rearing—including health care, religion, education, day to day decision making and discipline—and they must be willing to cooperate with each other in joint decision making." *Fisher v Fisher*, 118 Mich App 227, 232-233; 324 NW2d 582 (1982). The *Fisher* panel added that "[i]f two equally capable parents whose marriage relationship has irreconcilably broken down are unable to cooperate and to agree generally concerning important decisions affecting the welfare of their children, the court has no alternative but to determine which parent shall have sole custody of the children." *Id.* at 233.

## III. RESOLUTION OF DEFENDANT'S APPELLATE ARGUMENTS

## A. STANDARDS OF REVIEW – CUSTODY RULINGS

In *Sinicropi v Mazurek*, 273 Mich App 149, 155; 729 NW2d 256 (2006), this Court, relying primarily on MCL 722.28, addressed the standards of review applicable in a child custody dispute, observing:

> There are three different standards of review applicable to child custody cases. The trial court's factual findings on matters such as the established custodial environment and the best-interests factors are reviewed under the great weight of the evidence standard and will be affirmed unless the evidence clearly preponderates in the opposite direction. In reviewing the findings, this Court defers to the trial court's determination of credibility. A trial court's discretionary rulings, such as the court's determination on the issue of custody, are reviewed for an abuse of discretion. Further, . . . questions of law in custody cases are reviewed for clear legal error. [Quotation marks and citations omitted.[3]]

---

[3] A court commits clear legal error when it makes a mistake in its choice, interpretation, or application of the law. *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010). In the child-custody context, the trial court abuses its discretion when its decision is so grossly violative of fact and logic that it evidences passion or bias rather than the exercise of reason. *Shulick v Richards*, 273 Mich App 320, 324; 729 NW2d 533 (2006). "This Court reviews a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under the great weight of the evidence standard." *Corporan*, 282 Mich App at 605.

## B. DISCUSSION OF LEGAL CUSTODY

Defendant first argues on appeal that the trial court erred by citing *Dailey*, 291 Mich App 660, as a case that is comparable to the instant case. The trial court apparently relied on *Dailey* when it first rendered a ruling from the bench and the recording malfunction occurred, but it did not do so when the court redid its opinion; consequently, defendant's argument is irrelevant or moot. Regardless, defendant is mistaken in her belief that the principles espoused in *Dailey* have no application simply because the fact-specific disagreements and conflicts at issue in *Dailey* were not identical to those in this case. Here, there was evidence supporting the trial court's findings that there had been an escalation of disagreements and conflicts and an increase in the lack of cooperation, which were largely being driven by defendant.[4]

Next, defendant contends that the trial court erred with respect to its findings on best-interest factors (b), (g), (h), (k), and (*l*). In regard to MCL 722.23(b) ("The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any"), the trial court found that only plaintiff was willing to co-parent. The court observed that "everything becomes a fight" and that plaintiff was at least willing to work with defendant. Although not entirely clear, it appears that the trial court concluded that plaintiff had a greater capacity and disposition to give the child love, affection, and guidance because his greater willingness to co-parent would increase the likelihood that the child's surrounding environment would be more loving and affectionate and provide him with guidance. Although defendant testified that plaintiff made it "very difficult to co-parent," we defer to the trial court's credibility assessments. *Sinicropi*, 273 Mich App at 155. In sum, the trial court's determination that best-interest factor (b) favored plaintiff was not against the great weight of the evidence.

With respect to MCL 722.23(g) ("The mental and physical health of the parties involved"), the trial court stated:

> The plaintiff indicated, as I said before, that [defendant] started therapy a little bit before our hearing started. She suffers . . . with anxiety and depression. She had listed six to seven medications she's on and it's unclear how often she's required to take these, how often she takes these. That, coupled with the concerns about her moderate risk of abuse of substances and her continued use, despite a recommendation to abstain, does cause me some concern about her conditions impacting her ability to parent. There were no physical or mental health concerns raised for the plaintiff and so I find factor G favors the plaintiff.

Defendant argues that there was no evidence that her anxiety, depression, or continued use of medical marijuana negatively impacted her ability to care for the minor child, that the stipulated

---

[4] To the extent that defendant is challenging the finding of proper cause or a change of circumstances, the challenge fails in light of the evidence that the joint-legal-custody arrangement had become virtually unworkable, with the parties constantly running to the courthouse over matters of legal custody.

joint-custody order allowed her to use medical marijuana outside the presence of the child, and that there was no evidence that she was not taking her medications as prescribed, as suggested by the trial court. We conclude that the trial court voiced legitimate concerns regarding defendant's mental health history, especially as compared to plaintiff's nonexistent history of mental health issues. And the evidence certainly did not clearly preponderate in the opposite direction; the court's ruling on best-interest factor (g) was not against the great weight of the evidence.

With respect to MCL 722.23(h) ("The home, school, and community record of the child"), the trial court found that it weighed in favor of plaintiff on the basis that defendant would not share the child's Chromebook or Zoom class times with plaintiff, that the child did not have friends in the community where his school was located, that plaintiff was helping the child with his homework, and that the child did not have any missing assignments. Although defendant argues that she gave plaintiff ample opportunity to obtain the Chromebook, the trial court was referring to the "initial issues" regarding defendant's unwillingness to share the Chromebook. And defendant does not challenge plaintiff's testimony that she failed to share the Zoom schedule with plaintiff. Additionally, although defendant argues that she ensured that the child attended school and turned in his assignments, the trial court was commending plaintiff for his ability to assist the child with his schoolwork. Even if the trial court's comments on the child's lack of friends missed the mark, the trial court's overall determination that best-interest factor (h) weighed in favor of plaintiff was not against the great weight of the evidence.

With respect to MCL 722.23(k) ("Domestic violence, regardless of whether the violence was directed against or witnessed by the child"), the trial court found that "there was no evidence brought forward that since the last custody order there were any issues of domestic violence that impacted this case." Defendant argues that this factor should have favored her on the basis that plaintiff filed "nonstop custody motions, requested jail time and contempt," and "abuse[d] [her] through judicial harassment." These actions, however, do not constitute "domestic violence." See *Brown v Brown*, 332 Mich App 1, 11-12; 955 NW2d 515 (2020). Furthermore, when defendant's counsel examined defendant and asked her whether "there [was] any domestic violence," defendant responded, "No." The trial court's ruling regarding best-interest factor (k) was not against the great weight of the evidence.

With respect to MCL 722.23(*l*) ("Any other factor considered by the court to be relevant to a particular child custody dispute"), the trial court ruled:

> I did find, under this factor, there were two things. First, there were contempt proceedings. The defendant has been found in contempt a number of times for things like denied parenting time or make up time, early on enrollment, things . . . that went against prior court orders and so there were some concerns there and I do find that . . . there was a credibility issue. I mean, so many questions she would testify she couldn't recall and some of them had to relate to her criminal charges. She's indicated she's had this one interaction in the last few years with law enforcement but couldn't remember details about probation or details about the proceedings. So I found that that factor favored the plaintiff.

Defendant challenges that portion of the analysis regarding defendant's memory and credibility with respect to her civil infraction. We conclude that the trial court's reliance on the

past contempt findings alone supports the court's ruling on best-interest factor (*l*), even if the statements on credibility and memory were questionable. The trial court's conclusion that best-interest factor (*l*) favored plaintiff was not against the great weight of the evidence.

In sum, given that none of the trial court's findings on the best-interest factors clearly preponderated in the opposite direction, we hold that the court did not abuse its discretion or otherwise err in awarding plaintiff sole legal custody of the minor child.

## C. ATTORNEY FEES

Next, defendant argues that the trial court erred when it failed to award her attorney fees. Defendant contends that plaintiff "filed a fabricated child custody motion," that he "should be held responsible for his choices," and that she is entitled to $4,527 in attorney fees. Defendant's argument on this issue is rambling and nearly incoherent, especially considering that plaintiff was partly successful in regard to his motion to change custody. Although defendant cites some authorities on the subject of determining what constitutes a reasonable attorney fee, she fails to cite any authorities regarding the basis upon which to award attorney fees in the first place—there is no legal analysis whatsoever supporting an entitlement to attorney fees. In *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), our Supreme Court explained:

> It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow. [Quotation marks and citation omitted.]

"Failure to adequately brief an issue constitutes abandonment." *Seifeddine v Jaber*, 327 Mich App 514, 520; 934 NW2d 64 (2019). Accordingly, defendant has abandoned her claim for attorney fees.

## D. JUDICIAL BIAS

Finally, defendant argues that the trial judge exhibited judicial bias against her. Defendant points to statements made by the trial judge in proceedings that took place before the evidentiary hearing began on plaintiff's motion to change custody. Defendant, however, never raised the issue of judicial bias or disqualification at the evidentiary hearing or thereafter, as required by MCR 2.003(D); therefore, the issue is unpreserved. In *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008), our Supreme Court explained the rule on unpreserved issues in civil cases:

> Michigan generally follows the "raise or waive" rule of appellate review. Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court. Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a failure to timely raise an issue waives review of that issue on appeal.

The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute. [Citations omitted.]

Accordingly, we need not address this issue. Moreover, there is no merit to defendant's assertion that the trial judge was biased, and there was no miscarriage of justice. Viewed in context and given the history of the case and the record, we conclude the trial court's comments that defendant now challenges did not reflect any bias. Additionally, the trial court ruled in her favor on the issue of physical custody. Reversal is unwarranted.

We affirm. Having fully prevailed on appeal, plaintiff may tax costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Jane M. Beckering
/s/ Mark T. Boonstra