DAILEY v KLOENHAMER

Docket No. 300698. Submitted March 2, 2011, at Lansing. Decided March 8, 2011, at 9:00 a.m.

Barry N. Kloenhamer moved in the Clinton Circuit Court, Family Division, for sole legal custody of the child he shared with Jill S. Dailey under a previously stipulated joint-custody arrangement that had been incorporated into their divorce judgment. Kloenhamer also moved for a change in the child's medical care following disagreements with Dailey regarding treatment for the child's chronic cough. Dailey moved for a change in parenting time and a change in the child's school. The court, Lisa Sullivan, J., granted Kloenhamer's motion for sole legal custody and denied Dailey's motions. Dailey appealed only the grant of sole legal custody.

The Court of Appeals *held*:

1. Under MCL 722.27(1)(c), the circuit court's determination that there was either a change in circumstances or a proper cause to review the custody order was not against the great weight of the evidence. The record demonstrated that the parties' disagreements had escalated and expanded to include topics whose resolution could have a significant effect on the child's well-being, such as education and medical treatment, and that the disagreements had continued since the last custody order.

2. The circuit court did not abuse its discretion by determining that granting Kloenhamer sole legal custody was in the child's best interests. Because an established custodial environment existed with both parents under MCL 722.27(1)(c), the court could not modify custody unless it found clear and convincing evidence that modification was in the child's best interests. The court properly considered each statutory best-interest factor listed in MCL 722.23 and concluded that the factors relating to the provision of medical care for the child, the parties' physical health, and the child's school record all favored Kloenhamer. Given the evidence that Kloenhamer was more cooperative about making medical decisions for the child, that Dailey's migraines affected her ability to exercise parenting time, and that Kloenhamer had enrolled the

child in enrichment classes and extracurricular activities, the court's findings with regard to these factors were supported by the record.

3. The circuit court did not err by granting Kloenhamer sole legal custody despite the fact that the parties had joint physical custody. MCL 722.26a(7) clearly provides that a court's custody order may specify joint legal custody, joint physical custody, or both joint legal and joint physical custody.

4. The court did not err by failing to fashion a remedy that involved apportioning the legal-custody authority between the parties because the Legislature did not intend this remedy to be available in joint-custody arrangements.

Affirmed.

PARENT AND CHILD — CHILD CUSTODY ACT — JOINT CUSTODY — SOLE LEGAL CUSTODY.

A court may grant joint physical custody of a child to both parties while granting sole legal custody to one party under proper circumstances (MCL 722.26a[7]).

*Scott Bassett* for Jill S. Dailey.

*Amy H. Bailey* and *Erica G. Terranova* for Barry N. Kloenhamer.

Before: FITZGERALD, P.J., and O'CONNELL and METER, JJ.

O'CONNELL, J. Plaintiff appeals as of right the circuit court's judgment granting sole legal custody of the parties' minor child to defendant. We affirm.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant divorced in 2003. The parties have one minor child, who was born March 26, 1998. During the divorce proceedings, the parties stipulated that they would share legal custody and that the child would reside with defendant. The parties also agreed to a parenting-time schedule in which the child would split

time between the parents. The circuit court incorporated the agreed-on schedule into the divorce judgment.

For the first few years after the divorce, most of the parties' disputes revolved around parenting time. However, in recent years, the disputes have grown to include larger and more significant issues. There have been some disputes over education and religion, and considerable disputes over the proper medical diagnosis and treatment for the child's chronic cough. In particular, the parties disputed whether the child should be treated for asthma. While this dispute concerning medical treatment was ongoing, plaintiff filed a motion for primary physical custody of the child. The parties reached an agreement on that motion in 2009; the agreement resulted in an order modifying the parties' parenting time. The order also required plaintiff to schedule an appointment with an allergist to obtain a second opinion on the child's respiratory condition.

The disputes between the parties continued. Eventually, a physician at C. S. Mott Children's Hospital tested the child and determined that the child did not have asthma. The parties then disagreed about the proper health-care provider to oversee the child's medications, including the cessation of asthma medications. This disagreement culminated in December 2009, when plaintiff filed a motion to have a Mott physician supervise the child's respiratory condition. Defendant opposed the motion and asked the circuit court to allow the allergist to determine the course of treatment for the child.

In March 2010, the parties reached an agreement on the motion. The agreement provided that neither party could seek respiratory treatment or testing for the child without the express written agreement of the other party. Additionally, in the event that the child redevel-

oped a serious chronic cough, the parties were required to consult with each other and agree on an appropriate course of treatment.

Two weeks later, defendant filed a motion regarding the child's medical care because the parties could not agree whether the child should undergo an allergy skin test. Defendant also filed a motion for sole legal custody. Defendant alleged that there had been a change in circumstances since the last custody order, as evidenced by the numerous motions filed by the parties regarding medical care. Additionally, defendant asserted that the parties were unable to agree on the child's education, including which school he should attend and which electives he should be taking.

In response, plaintiff indicated that defendant had failed to engage in good-faith discussions concerning medical care. Plaintiff denied that the parties were unable to agree on education, but did indicate that she was planning to file a motion for a change in parenting time so the child could attend a private school in the Detroit area where plaintiff now lived. Plaintiff subsequently filed a motion for a change in parenting time and a change in the child's school because she alleged that the child was not being adequately challenged in his current school in DeWitt. According to plaintiff, the school offered no advanced or gifted programs for the child, and the child was becoming bored with school. Defendant opposed the school change.

In August 2010, the circuit court held a hearing on the parties' motions. After two days of testimony, the circuit court issued a ruling from the bench. The court first found that there was proper cause or a change in circumstances to review the custody order. The court then found that the child had an established custodial environment in both parties' homes. After reviewing

the statutory best-interest factors of MCL 722.23, the court granted defendant's motion for sole legal custody. The court denied plaintiff's motions.

Plaintiff now appeals the grant of legal custody to defendant. Plaintiff alleges that the circuit court erred when it determined that proper cause or a change in circumstances existed for the court to review the custody order. Additionally, plaintiff argues that defendant failed to present clear and convincing evidence that a change in custody was in the child's best interests. Also, plaintiff argues that the Child Custody Act, MCL 722.21 *et seq.*, requires that a parent who is granted physical custody must also be granted legal custody. Finally, plaintiff argues that the circuit court should have implemented a less drastic remedy by apportioning the important decision-making authority between the parties.

## II. STANDARD OF REVIEW

MCL 722.28 provides that in child-custody disputes, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." Our Supreme Court has explained that MCL 722.28 "distinguishes among three types of findings and assigns standards of review to each." *Fletcher v Fletcher*, 447 Mich 871, 877; 526 NW2d 889 (1994). Findings of fact, such as the trial court's findings on the statutory best-interest factors, are reviewed under the "great weight of the evidence" standard. *Id.* at 878-879. Discretionary rulings, such as to whom custody is awarded, are reviewed for an abuse of discretion. *Id.* at 879. An abuse of discretion exists when the trial court's decision is "palpably and grossly violative

of fact and logic . . . ." *Id.* (citation and quotation marks omitted); see also *Shulick v Richards*, 273 Mich App 320, 325; 729 NW2d 533 (2006). Finally, "clear legal error" occurs when a court incorrectly chooses, interprets, or applies the law. *Fletcher*, 447 Mich at 881.

### III. DISCUSSION

Before modifying or amending a custody order, the circuit court must determine whether the moving party has demonstrated either proper cause or a change of circumstances to warrant reconsideration of the custody decision. MCL 722.27(1)(c); *Vodvarka v Grasmeyer*, 259 Mich App 499, 508-509; 675 NW2d 847 (2003). The movant has the burden of proving by a preponderance of the evidence that either proper cause or a change of circumstances exists. *Vodvarka*, 259 Mich App at 509. To establish proper cause, the movant must prove "the existence of an appropriate ground for legal action to be taken by the trial court." *Id.* at 512. Further, "[t]he appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude [as] to have a significant effect on the child's well-being." *Id.* Similarly, to establish a change of circumstances, the movant must prove that "since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id.* at 513.[1]

---

[1] Plaintiff contends that whether a party has demonstrated proper cause or a change of circumstances is a question of law that this Court should review de novo. We disagree. "This Court reviews a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under the great weight of the evidence standard." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009).

Plaintiff argues that the circuit court erred when it determined that a change in circumstances or a proper cause existed to review the custody order. We disagree. The record demonstrates that the parties' disagreements have escalated and expanded to topics that could have a significant effect on the child's well-being. The parties disagree over the proper educational course for the child. More significantly, since the date of the last custody order, the parties have continued to disagree about the child's medical treatment. Plaintiff scheduled an appointment at Mott for a pulmonary function test without defendant's knowledge, but defendant opposed the child's going to Mott and filed a motion to prevent the test. Later, the parties were unable to agree on when and how to wean the child from his asthma medications. Additionally, defendant wished to proceed with the allergist's recommendation of a skin test for the child, but plaintiff opposed the test absent express instructions from the Mott physician. The parties' recurrent disagreements delayed the child's medical treatment; further delay could have a detrimental effect on the child's well-being. These medical delays are directly relevant to the best-interest factor set forth in MCL 722.23(c) (capacity and disposition to provide the child with medical care). Given these facts, it was not against the great weight of the evidence for the circuit court to have determined that either proper cause or a change of circumstances existed to revisit the custody decision.

Next, plaintiff argues that even if proper cause or a change in circumstances did exist, the circuit court erred when it determined that granting defendant sole legal custody was in the child's best interests. Again, we disagree. Once a party has met the initial burden of showing a change in circumstances or proper cause to revisit the custody order, the next step is for the circuit

court to determine the applicable burden of proof for the custody hearing. See MCL 722.27(1)(c). In this case, because an established custodial environment existed with both parents, the circuit court correctly determined that it could not modify custody unless it found clear and convincing evidence that modification was in the child's best interests. *Id.*

In determining the best interests of the child, the court must review the best-interest factors listed in MCL 722.23. In addition, the court must consider "the general level of cooperation and agreement between the parties when considering joint custody." *Wellman v Wellman*, 203 Mich App 277, 281; 512 NW2d 68 (1994); see also MCL 722.26a(1)(b). When ruling on a custody motion, the circuit court must expressly evaluate each best-interest factor and state its reasons for granting or denying the custody request on the record. MCL 722.26a; *Meyer v Meyer*, 153 Mich App 419, 426; 395 NW2d 65 (1986).

The record confirms that the circuit court properly considered each best-interest factor and that the parties were equal on the majority of the factors. However, the court found that factors (c), (g), and (h) all favored defendant. Factor (c) is the "[t]he capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care . . . ." MCL 722.23(c). The circuit court correctly recognized that this factor is the crux of most of the discord between the parties. Although the record indicates that plaintiff's persistence has had some positive effect on the child's medical treatment, the record also demonstrates that plaintiff second-guesses defendant's efforts and does not trust defendant to make medical decisions. The record supports the court's determination that "[t]here isn't a productive decision-making unit for the

medical decisions for [the child] at any level . . . ."
Further, the record supports the court's determination
that while defendant acquiesced to plaintiff's demands
and was open to plaintiff's views, plaintiff did not
reciprocate defendant's collegiality. In sum, the trial
court's decision regarding factor (c) was within the
weight of the evidence.

Factor (g) is "[t]he mental and physical health of the
parties involved." MCL 722.23(g). The court found that
this factor slightly favored defendant because plaintiff
was suffering from temporary ocular migraines that
affected her ability to exercise her parenting time. The
record supports this determination.

Factor (h) is "[t]he home, school, and community
record of the child." MCL 722.23(h). The circuit court
correctly noted that the parties cannot agree on educa-
tional decisions. The child is doing well in school.
Plaintiff nonetheless wishes to transfer the child to a
private school because plaintiff believes the current
school does not challenge the child. The trial court
noted that despite plaintiff's concerns, plaintiff had not
enrolled the child in summer enrichment programs, nor
had she met with the child's teachers to discuss her
concerns. In contrast, defendant had enrolled the child
in robotics classes, computer animation classes, and
other extracurricular activities.

The circuit court also considered the parties' ability
to cooperate and generally agree on important decisions
affecting the child's welfare. See MCL 722.26a(1)(b).
The court correctly determined that the parties had
placed a priority on their efforts to document their
actions and their disagreements, while the child's medi-
cal and educational care had been relegated to an
apparently secondary concern. The court concluded
that the parties "just can't—they can't operate in an

effective manner for their [child]." The record indicates that the parties' acrimony affected their ability to agree on important matters, particularly with regard to the child's medical treatment.

Plaintiff maintains that the circuit court erred by failing to address each statutory best-interest factor with regard to each motion (defendant's motion for legal custody and plaintiff's motions for a change in the child's school and a change in parenting time). We find the record sufficient to determine whether the evidence clearly preponderates against the trial court's findings. See *Fletcher*, 447 Mich at 879. Moreover, plaintiff has not appealed the circuit court's decisions on her motions for a change in parenting time or for a change in the child's school. The court's factual findings with regard to defendant's motion for legal custody are supported by the record, and we need not determine in this appeal whether the findings were sufficient for any other purpose. Furthermore, the controlling standard of review requires us to affirm the circuit court's custody decision unless the decision is palpably and grossly violative of fact and logic. *Id.*; *Shulick*, 273 Mich App at 325. In this case, the circuit court's decision was supported by fact and logic. Therefore, the court did not abuse its discretion by awarding sole legal custody to defendant.

Plaintiff's next argument is that the Child Custody Act does not allow a court to grant sole legal custody to one party when the parties share physical custody. This issue was never raised below and therefore is not properly preserved for appeal. Nonetheless, we will consider the issue because it is necessary to the proper determination of the case. *Providence Hosp v Nat'l Labor Union Health & Welfare Fund*, 162 Mich App 191, 194-195; 412 NW2d 690 (1987).

MCL 722.26a authorizes the circuit court to award joint custody. MCL 722.26a(7) provides as follows:

> As used in this section, "joint custody" means an order of the court in which 1 or both of the following is specified:
>
> (a) That the child shall reside alternately for specific periods with each of the parents.
>
> (b) That the parents shall share decision-making authority as to the important decisions affecting the welfare of the child.

Although not specifically designated in the statute, the custody described in § 6a(7)(a) is commonly referred to as joint physical custody, and that described in § 6a(7)(b) is referred to as joint legal custody. Plaintiff contends that the act does not authorize separating joint physical custody from joint legal custody; however, that contention is contrary to the plain language of the statute. The statute clearly provides that a trial court's custody order may specify "1 or both"—physical custody or legal custody. MCL 722.26a(7). The "1 or both" provision specifically authorizes a court to order that the child reside alternately with each parent and to also order that only one parent has "decision-making authority as to important decisions affecting the welfare of the child." MCL 722.26a(7). Moreover, the act itself states that it "is equitable in nature and shall be liberally construed and applied to establish promptly the rights of the child and the rights and duties of the parties involved." MCL 722.26(1). Given the plain language of the joint-custody provisions and the equitable nature of the act, we hold that the act authorizes courts in proper circumstances to grant joint physical custody to the parties while granting sole legal custody to one party.

Plaintiff's final argument is that the circuit court should have fashioned a remedy to apportion the legal-

custody authority between the parties. This issue, however, was not raised below and is unpreserved. Furthermore, even if it had been preserved for appeal, the argument would be without merit. In *Shulick*, 273 Mich App at 328-329, this Court held that the Legislature did not intend to provide for joint-custody arrangements if important decision-making authority is apportioned between the parties.

### IV. CONCLUSION

Proper cause or a change in circumstances existed for the circuit court to revisit the March 9, 2009, custody order. Furthermore, the circuit court's factual findings on the best-interest factors are supported by the record, and its decision to grant defendant sole legal custody is supported by fact and logic. The circuit court did not err when it ordered that the parties would have joint physical custody while granting sole legal custody to defendant.

Affirmed.