*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JESSICA L. MOSEY,

      Plaintiff-Appellee,

v

DAVID S. MOSEY,

      Defendant-Appellant.

UNPUBLISHED
April 21, 2022

No. 357312
Midland Circuit Court
Family Division
LC No. 19-006318-DM

Before: BOONSTRA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by right the judgment of divorce entered by the trial court. We affirm, except that we vacate the trial court's order awarding attorney fees and remand for further proceedings on that issue.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The parties were married on September 15, 2007, and had three children together: MOM, LDM, and MKM. Plaintiff filed a complaint for divorce in 2019. After the parties separated, the children resided primarily with plaintiff in the marital home. A temporary custody order was entered granting plaintiff sole legal and physical custody, with defendant having parenting time on alternating weekends and on Tuesday and Thursday nights. Defendant answered plaintiff's complaint and sought joint legal and physical custody with a week-on, week-off parenting schedule; this arrangement was also recommended by a court-appointed investigator. The issues of child custody and property division were decided after a two-day trial in November 2020.

At the trial, the court heard testimony that LDM suffered from diabetes and required insulin injections. Plaintiff expressed concern about defendant's ability to manage this condition, citing instances in which LDM returned from defendant's parenting time with high blood sugar levels. Plaintiff testified that she wanted sole legal custody because defendant refused to communicate with her. Plaintiff asserted that defendant never responded to her text messages and that he never signed up for the electronic application through which they were court-ordered to communicate. Defendant admitted that he had refused to communicate with plaintiff, stating that he was concerned that plaintiff would use their communications against him. Plaintiff testified, and

defendant admitted, that defendant had frequently directed obscene gestures and disparaging comments toward plaintiff, often in the presence of the children. Plaintiff accused defendant of at one point pinning her to the ground in the presence of LDM. Plaintiff testified that defendant had coached the children to disrespect her, and that MKM routinely insulted plaintiff and made obscene gestures to her during parenting-time exchanges.

Defendant testified that plaintiff abused alcohol and had thrown household objects at him. Defendant denied ever pinning plaintiff to the ground, instead stating that plaintiff had become inebriated and fell to the ground crying. Defendant also testified that plaintiff had issues with depression and being suicidal. Defendant admitted to striking the children with wire hangers as corporal punishment, but asserted that plaintiff had also done so. Defendant testified that he could adequately manage LDM's diabetes.

The parties disputed the value of the marital home. Plaintiff testified that an appraisal company had valued the home at $310,000. However, defendant insisted that the home was more valuable than this assessment. Defendant presented the trial court with a letter from a realtor asserting that the house was worth "four to five hundred thousand" dollars.

In April 2021, the trial court issued its opinion. The court described defendant's conduct during the divorce proceedings as "highly disturbing" and found that defendant had "consistently behaved in a vulgar and derogatory manner towards Plaintiff Mother and has actively encouraged the children to behave in the same way." The court adopted plaintiff's proposed valuation of the marital home, finding that defendant's letter represented only "a ballpark estimate" done without a "formal walkthrough." The trial court ordered an equal division of marital property, and it awarded the marital home to plaintiff with one-half the value of the equity in the home awarded to defendant. The court granted plaintiff's request for sole legal and physical custody, and it awarded parenting time to defendant on alternating weekends. In response to plaintiff's request for attorney fees, the trial court ordered defendant to pay one-half of plaintiff's attorney fees, noting that defendant had violated the court's orders on three separate occasions and finding that the attorney fee award was an "appropriate sanction" for defendant's "pervasive misconduct."

The judgment of divorce was entered in May 2021. This appeal followed.

II. CUSTODY

Defendant argues that the trial court abused its discretion by awarding sole physical and legal custody of the minor children to plaintiff. We disagree.

MCL 722.28 provides that when reviewing a lower court order in a custody dispute, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." The statute "distinguishes among three types of findings and assigns standards of review to each." *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011) (quotation marks and citation omitted). Factual findings "are reviewed under the 'great weight of the evidence' standard." *Id*. "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019). "This Court gives deference to the

-2-

trial court's factual judgments and special deference to the trial court's credibility assessments." *Brown v Brown*, 332 Mich App 1, 9; 955 NW2d 515 (2020). "Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Pennington*, 329 Mich App at 570 (quotation marks and citation omitted). "Discretionary rulings, such as to whom custody is awarded, are reviewed for an abuse of discretion. An abuse of discretion exists when the trial court's decision is palpably and grossly violative of fact and logic." *Dailey*, 291 Mich App at 664-665 (quotation marks, citations, and alteration omitted).

With regard to an award of physical custody, the trial court "must consider the factors outlined in MCL 722.23 in determining a custody arrangement in the best interests of the children involved." *Bofysil v Bofysil*, 332 Mich App 232, 244; 956 NW2d 544 (2020). As this Court has explained, "[i]f two equally capable parents whose marriage relationship has irreconcilably broken down are unable to cooperate and to agree generally concerning important decisions affecting the welfare of their children, the court has no alternative but to determine which parent shall have sole custody of the children." *Id*. at 249 (quotation marks and citation omitted).

The record reveals that the trial court considered the best-interest factors found in MCL 722.23, and found that the balance of those factors favored plaintiff. Defendant does not challenge the trial court's findings with respect to any particular factor; rather, he argues generally that the court's opinion was based on lies and that plaintiff wrongfully exploited a "legal system meant to protect abused women to gain custody of [the] children and [the] marital home." Defendant does not elaborate specifically on what this means, but, in essence, defendant appears to challenge the trial court's assessment of the parties' credibility. However, this Court generally does not disturb the trial court's credibility findings on appeal, *Brown*, 332 Mich App at 9, and defendant has presented no reason why it should do so in this case.

Defendant also argues that the trial court erred by not following the recommendation of the custodial investigator. We disagree. Prior to the divorce trial, the court ordered a custody investigation, and in her report, the investigator recommended joint custody with a week-on, week-off schedule. Trial courts are not bound to accept such recommendations; the ultimate decision regarding custody is left to the discretion of the trial court, not a court-appointed investigator. See *Dailey*, 291 Mich App at 664-665. Moreover, the trial court explicitly stated that it had departed from the investigator's recommendations because approximately a year had passed since the investigation and the circumstances had changed. Defendant has not established that the trial court abused its discretion in this regard. *Id.*

Finally, defendant, in his brief on appeal, refers to events that he acknowledges occurred *after* the entry of the judgment of divorce. These events are not part of the record provided to this Court. Further, the trial court clearly could not have erred by failing to consider events that had not yet occurred at the time the judgment was entered. The proper means for defendant to raise these issues is in a motion for change of custody filed in the trial court; these issues have no bearing on defendant's appeal. *Brown*, 332 Mich App at 9.

## III. PROPERTY AWARD

Defendant also argues that the trial court erred by adopting plaintiff's proposed valuation of the marital home, by awarding the home to plaintiff instead of ordering it to be sold, and by inaccurately valuing defendant's retirement accounts. We disagree.

"This Court reviews a property distribution in a divorce case by first reviewing the trial court's factual findings for clear error, and then determining whether the dispositional ruling was fair and equitable in light of the facts." *Olson v Olson*, 256 Mich App 619, 622; 671 NW2d 64 (2003). "A finding is clearly erroneous if, after reviewing the entire record, [this court is] left with the definite and firm conviction that a mistake was made." *Loutts v Loutts,* 298 Mich App 21, 26; 826 NW2d 152 (2012).

A trial court presiding over a divorce trial must "include a determination of the property rights of the parties in the judgment of divorce." *Olson*, 256 Mich App at 627. "The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances. The trial court need not divide the marital estate into mathematically equal portions, but any significant departure from congruence must be clearly explained." *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008) (citation omitted). Prior to dividing assets, the trial court must determine what is marital property and what is separate property. *Cunningham v Cunningham*, 289 Mich App 195, 200-201; 795 NW2d 826 (2010). "Generally, marital property is that which is acquired or earned during the marriage, whereas separate property is that which is obtained or earned before the marriage." *Id*. at 201 (citing MCL 552.19). In general, "when the marital estate is divided each party takes away from the marriage that party's own separate estate with no invasion by the other party." *Id*. (quotation marks and citation omitted). The marital property is then apportioned "between the parties in a manner that is equitable in light of all the circumstances." *Id*. "[W]here a trial court's valuation of a marital asset is within the range established by the proofs, no clear error is present." *Jansen v Jansen*, 205 Mich App 169, 171; 517 NW2d 275 (1994).

A. MARITAL HOME

Defendant argues that because the parties disagreed about the value of the marital home, the court should have ordered a sale and divided the proceeds between the parties. We disagree.

Defendant maintains that a trial court is required to order a sale of the marital home when the parties cannot agree on its value. This position is meritless. Defendant has provided no authority in support of this assertion; nor is this Court aware of any such authority. The trial court's decision to award the marital home to one party, with one-half of its value awarded to the other party, was a proper use of the court's discretion. See *Cunningham*, 289 Mich App at 201. We also conclude that the court's decision to adopt plaintiff's appraisal value was reasonable. Plaintiff hired an appraisal company to evaluate the home, and the appraiser determined it to be worth $310,000. Defendant disputed this calculation with a letter from a realtor stating that the house was likely worth more; however, the realtor who made this assessment never actually saw the house, but only reviewed plaintiff's appraisal report. Moreover, defendant admitted that the house was insured for a value of $310,000. Because the trial court's valuation of the marital home was "within the range established by the proofs," we find no clear error. *Jansen*, 205 Mich App at 171.

## B. RETIREMENT ACCOUNTS

Defendant also argues that the trial court's valuation of his retirement accounts was clearly erroneous. We disagree.

The trial court found that defendant, at one point, had $68,267.91 in various retirement accounts, but that he only had $41,907.31 remaining after making substantial withdrawals in violation of the trial court's restraining orders. Defendant argues, without elaboration, that the court's assessment of the value of his retirement accounts was "simply an inaccurate number." The burden is on defendant to establish that the trial court's finding was clear error, and this conclusory statement is not sufficient to carry that burden. Indeed, defendant has not supplied this Court with what he asserts to be the correct figure, nor has he identified evidence in the record that supports his assertion that the trial court's calculation was inaccurate. Therefore, we will not disturb the trial court's findings concerning defendant's retirement savings.

## IV. ATTORNEY FEE AWARD

Defendant argues that the trial court erred by ordering him to pay one-half of plaintiff's attorney fees. We hold that the trial court's order was not supported by the necessary findings of fact.

This Court reviews "a trial court's grant or denial of attorney fees for an abuse of discretion. Any findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error, but questions of law are reviewed de novo." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005) (citations omitted).

With respect to attorney fees, Michigan follows the "American Rule," under which "attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract. In domestic relations cases, attorney fees are authorized by both statute and court rule." *Reed*, 265 Mich App at 164 (citations omitted). MCL 552.13(1) provides: "In every action brought, either for a divorce or for a separation, the court may require either party . . . to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency." Additionally, MCR 3.206(D), provides in relevant part:

> Attorney Fees and Expenses
>
> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.
>
> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that
>
> (a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

"Subrule (D)(2)(a) allows payment of attorney fees based on one party's inability to pay and the other party's ability to do so, while Subrule (D)(2)(b) considers only a party's behavior, without reference to the ability to pay." *Colen v Colen*, 331 Mich App 295, 305-306; 952 NW2d 558 (2020) (quotation marks and citation omitted). If an award of attorney fees is based on a party's misconduct, then the trial court must find that that the party's "misconduct caused [the other party] to incur the fees awarded." *Reed*, 265 Mich App at 165. Moreover, if "requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Id.* at 166. It is improper for the trial court to award attorney fees "solely on the basis of what it perceives to be fair or on equitable principles." *Id.* "The party requesting the attorney fees has the burden of showing facts sufficient to justify the award." *Woodington v Shokoohi*, 288 Mich App 352, 370; 792 NW2d 63 (2010).

With respect to attorney fees, the trial court's order stated:

Defendant Father has violated this Court's orders on three separate occasions. Plaintiff Mother made a motion for attorney fees based on Defendant Father's most recent violation of the TRO and his subsequent withdrawal of funds. The Court finds that attorney fees are an appropriate sanction for Defendant Father's pervasive misconduct and failure to follow this Court's orders. Therefore, Defendant Father shall pay one-half of Plaintiff Mother's attorney fee for this case. This amount shall be deducted from the amount awarded to Defendant Father pursuant to this judgment of divorce.

In *Reed*, the trial court awarded attorney fees "on the basis of defendant's unreasonable conduct," but abused its discretion by making the award "without finding that defendant's misconduct caused plaintiff to incur the fees awarded." *Reed*, 265 Mich App at 165. This Court acknowledged that the defendant did engage in misconduct by failing to comply with a discovery order, but noted that the "plaintiff did not establish what fees she incurred as a result." *Id.* "Moreover, the trial court further erred by not conducting a hearing or finding facts regarding the reasonableness of the fees incurred." *Id.*

This case is similar to *Reed*, and it compels the same result. As in *Reed*, defendant engaged in misconduct by failing to comply with court orders. While the trial court in this case did not specify the legal authority upon which it based its decision, its reasoning made clear that the award was based on defendant's misconduct and three previous violations of its orders. However, as in *Reed*, the trial court in this case failed to find that defendant's misconduct had caused plaintiff to incur the fees that were awarded. The trial court likewise failed to engage in any fact-finding concerning the reasonableness of plaintiff's fees. Instead, the trial court merely awarded one-half of plaintiff's fees as a sanction for defendant's misconduct. But a trial court cannot award fees "solely on the basis of what it perceives to be fair or on equitable principles." *Id.* at 166.

Accordingly, the trial court's decision to award attorney fees to plaintiff is vacated, and we remand for further proceedings consistent with this opinion. Should the trial court again award attorney fees to plaintiff, it should make sufficient findings of fact to permit appellate review.

We affirm the trial court's decision regarding custody of the minor children. We likewise affirm the trial court's division of marital property. However, we vacate the trial court's attorney fee award and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Michael J. Kelly
/s/ Brock A. Swartzle