*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ASHLEY L. SOVA,

      Plaintiff-Appellant,

v

JOSEPH E. MCKINNON,

      Defendant-Appellee.

UNPUBLISHED
March 23, 2023

No. 362815
Livingston Circuit Court
Family Division
LC No. 20-055190-DM

Before: GLEICHER, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

In this custody dispute, plaintiff appeals by right the trial court's order making defendant the primary physical custodian of the parties' child, UM, and enrolling the child in Creekside Elementary School in Hartland. Because the trial court did not articulate whether there was clear and convincing evidence that modifying the child's established custodial environment was in the child's best interests, we vacate the trial court's order and remand for additional proceedings.

## I. BACKGROUND

The parties have one child together, UM, who was born in 2017. They separated in 2019 and officially divorced in 2020. After the divorce, the parties began living approximately 80 miles apart, and they shared roughly equal physical custody of UM.[1] Exchanges generally took place in Ann Arbor so the parties could meet in the middle. Both parties understood from its inception that the equal parenting time arrangement could not be permanent because UM would need to reside primarily with one parent when he began attending school. Early in 2022, UM attained five years of age, and plaintiff moved to enroll him in State Line Christian School, a private school in

---

[1] The consent judgment of divorce provided that the parties would "have parenting time as they agree." It provided a complicated three-week rotating schedule that would be followed in the event the parties could not reach an agreement, but it appears from the record that prior to this dispute the parties co-parented relatively amicably.

Temperance, that integrates religious education into its curriculum. Defendant opposed enrolling UM in State Line largely because of its emphasis on religion; he wanted UM to attend public school near his home in Howell and then allow the parties to provide UM with religious instruction outside of his secular schooling. Throughout the proceedings, plaintiff questioned the authenticity of defendant's purported religious grounds for objecting to UM's enrollment in State Line. She asserted that defendant had never taken issue with UM being raised and educated in Christianity, and she believed that these concerns were not genuine.

An evidentiary hearing was conducted before a referee, and the referee recommended that UM be enrolled in State Line and reside primarily with plaintiff during the school year. Defendant objected to the referee's recommendations, and a de novo hearing was conducted in the circuit court. At the second day of the de novo hearing, plaintiff reversed course on her efforts to enroll UM in state line, and she told the court she would enroll UM in a local public school if she was awarded physical custody. The circuit court disagreed with the referee's conclusion that plaintiff's proposal would *not* alter the established custodial environments, which it found existed with both parties. The court concluded that plaintiff had not proved by clear and convincing evidence that her proposal would be in the best interests of UM, and it awarded primary physical custody during the school year to defendant with instructions to enroll UM in the local public school. Notably, the court continued to consider the pros and cons only of State Line despite plaintiff's decision that UM would be sent to public school if the court sided with her.

This appeal followed.

## II. DISCUSSION

Plaintiff argues that the trial court erred by failing to apply the proper standard of proof. While the trial court applied the proper standard of proof when it determined that plaintiff failed to provide clear and convincing evidence in support of her proposal, we conclude that the trial court erred by failing to articulate whether defendant did meet this burden. We therefore vacate the trial court's order and remand for additional proceedings.

MCL 722.28 provides that when reviewing a lower court order in a custody dispute, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." This statute "distinguishes among three types of findings and assigns standards of review to each." *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011) (quotation marks and citation omitted). Factual findings "are reviewed under the 'great weight of the evidence' standard." *Id*. "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019). "Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Id*. (quotation marks and citation omitted). "Discretionary rulings, such as to whom custody is awarded, are reviewed for an abuse of discretion. An abuse of discretion exists when the trial court's decision is palpably and grossly violative of fact and logic." *Dailey*, 291 Mich App at 664-665 (quotation marks, citations, and alteration omitted). "The applicable burden of proof presents a question of law that is reviewed de novo on appeal." *Griffin v Griffin*, 323 Mich App 110, 118; 916 NW2d 292 (2018).

This case also involves statutory interpretation, and the rules governing statutory interpretation have been set out as follows:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [*Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 418-419; 925 NW2d 897 (2018) (quotation marks and citation omitted).]

## A. THE CORRECT STANDARD OF PROOF

The primary issue before this Court involves interpretation and application of MCL 722.27(1)(c), which provides, in relevant part: "The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." This case is unique because both parties are seeking to alter the established custodial environment, but they do not agree on the manner in which the established custodial environment should be altered. This could lead to a seemingly unresolvable predicament as it is likely that neither party will be able to establish by clear and convincing evidence that one proposal is superior to the other, and this would result in a purportedly untenable status quo having to be maintained. However, binding precedent dictates that the proposals ought not be compared against one another; rather, they should each individually be compared against the status quo.

In *Griffin v Griffin*, 323 Mich App 110, 114; 916 NW2d 292 (2018), the plaintiff-father appealed the trial court's order denying his motion to change custody and granting the defendant-mother's motion to change custody. The parties had one child together. *Id*. at 115. After the divorce, the parties shared equal custody of the child on a two-week-on/two-week-off schedule, and the defendant relocated from Michigan to Illinois. *Id*. Approximately four years after the divorce, the child attained five years of age and was therefore set to begin attending kindergarten; accordingly, the plaintiff filed a motion seeking to change custody, arguing "that his son could not continue to split his time between his parents every two weeks while attending school . . ." *Id*. Following a hearing, the circuit court determined—through application of the preponderance-of-the-evidence standard—that it was in the child's best interests to attend school in Illinois while residing with the defendant during the school year. *Id*. at 118.

On appeal, this Court disagreed with the trial court's reasoning that "because [the parties] have the same burden of proof, and a change must be made, it is appropriate to weigh the factors using a preponderance of the evidence." *Id*. at 120 (quotation marks and alteration omitted).

> Here, the relevant statutory language provides: "The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the

established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c). The words "shall not" indicate a prohibition. Thus, before a court may enter an order modifying its prior custody order in a fashion that alters the child's custodial environment, the court must first find *by clear and convincing evidence* that such a change is in the best interests of the child, and the court is prohibited from applying a lower standard. [*Id*. at 120-121 (citation omitted; emphasis in original).]

Despite concluding that the trial court erred, this Court did acknowledge "that the [trial] court was faced with a somewhat unique problem: everyone agreed that maintaining the current custodial arrangement was not in the child's best interests." *Id*. at 122. There was a distinct possibility that "when compared to each other, neither [parties'] proposed change was, by clear and convincing evidence, superior to the other's proposal." *Id*.

This Court rejected the notion that the trial court was bound to pit the parties' respective proposals against one another:

[T]he trial court is not tasked with comparing the parties' suggested changes and determining which is better. Rather, in order to make a change to the established custodial environment, the trial court must find that the change is in the child's best interests *when compared to the status quo.* Stated differently, the child's established custodial environment is the status quo, so in order to modify it the court must find by clear and convincing evidence that the change is in the child's best interests when compared to the status quo, not when compared to every other conceivable or suggested modification. In doing so, the court is free to adopt either party's proposal in whole or in part, but it is equally permissible for the court to fashion an entirely new custody arrangement or to maintain the existing custody arrangement. The key is that the court must first find by clear and convincing evidence that the new custodial arrangement is in the child's best interests. [*Id*. at 123 (emphasis added; citations omitted).]

For those reasons, this Court concluded that the trial court erred by failing to apply "the clear-and-convincing-evidence standard when determining whether to maintain the status quo or enter an order changing the child's established custodial environment." *Id*. at 123-124. This Court remanded the case for a new best-interest hearing "during which it must consider all relevant, up-to-date information," and this Court commanded that:

The court shall not grant sole custody of the child to [defendant] unless she can establish by clear and convincing evidence that such placement is in the child's best interests, nor shall the court grant sole custody of the child to [plaintiff] unless he can establish by clear and convincing evidence that the change will be in the child's best interests. [*Id*. at 128.]

## B. APPLICATION TO THIS CASE

When making its findings, the trial court first addressed whether plaintiff's proposal would alter UW's established custodial environments:

And reviewing the, the parenting time schedule and the equal parenting time, I do agree with the—with the referee that there is an established custodian [sic] environment with both parents currently. That, that's, that's clear. In reviewing the, the motion that was before the Friend of the Court before the referee and the proposed change, I do find that this proposed change would alter the cus—, the established custodial environment.

After it made this finding, the court discussed the appropriate burden of proof and whether plaintiff had met this burden:

I do find that plaintiff has failed to demonstrate by clear and convincing evidence that the proposed parenting time change in school enrollment in State Line Christian School is in the child's best interest. This court's going to apply the clear and convincing standard because I do find that the proposed modification would alter the established custodial environment. And as the court, as the law provides, the court may not change the established custodial environment of a child unless there's presented clear and convincing evidence that it's in the best interest child, [sic] so that—of the child. So that's the standard that the court has applied here in its analysis . . .

The court then proceeded to do an extensive analysis of each of the best interest factors. However, the court's final conclusion at the end of its best interest findings was confusing, and it is not clear from the record what standard of proof was used:

So in reviewing the best interest factors, similar to the referee, as I said, many of the factors are equal except for the court does find that defendant father currently is able to provide permanence of the existing or proposed custodial home or homes and the Hartland district, as far as public school districts, appeared to have a high rating. But as I told the parties initially, the court wanted to do a complete best interest analysis . . . I do find that the father is slightly favored and in order to preserve the relationship between the child and both parents, and understanding the situation here, that the child needs to be enrolled in school and the distance of the parties where they live, [defendant's] request to modify parenting time should be granted . . .

As is discussed above, the job of the court in cases such as this one is to compare each party's proposal against the status quo and determine if there is clear and convincing evidence that it is in the best interests of the child to change the status quo in favor of either—or neither—proposal. *Griffin*, 323 Mich App at 123. In this case, the status quo was plaintiff and defendant sharing mostly equal parenting time. The court clearly and unambiguously found there was *not* clear and convincing evidence that it was in the best interests of UM to change the status quo by having him reside primarily with plaintiff and attend State Line. The problem, however, is that the court did *not* make such findings with respect to defendant's proposed arrangements. Indeed, in addition to not having articulated the standard of proof it used, the court never stated whether defendant's proposal would alter the established custodial environment, as it did with plaintiff's. Therefore, the order must be vacated and a new hearing must be held.

### III. CONCLUSION

We vacate the trial's order and remand this case for a new de novo hearing. On remand, the court must not compare the parties' proposals against each other; rather, it must compare each proposal against the status quo. See *Griffin*, 323 Mich App at 123. It is from this vantage point that the court must determine if either party can establish by clear and convincing evidence that their respective proposal is in the best interests of the child. Importantly, the trial court is not obligated to choose from these two competing proposals, and it is free to find that neither party proved by clear and convincing evidence that the party's proposal is superior to the status quo. If this proves to be the case, the trial court is free to construct its own custody arrangement. See *Id.* at 123 (noting that it is permissible for the "court to fashion an entirely new custody arrangement or to maintain the existing custody arrangement").[2] We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado

---

[2] We note that remanding this case for a new evidentiary hearing will render defendant's second claim of error moot. On the final day of the de novo hearing, plaintiff informed the court that she would be dropping her efforts to enroll the child in State Line Christian school and instead sought to enroll the child at a local public school. Plaintiff argues in this Court that the trial court erred by failing to consider this new development. However, as is noted above, on remand the trial court "must consider all relevant, up-to-date information." Id. at 128. Therefore, regardless of whether the trial court erred by failing to consider this information before, plaintiff will be free to present it again on remand.