*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELIANA BITAR,

        Plaintiff-Appellee,

v

RAMI BAROODY,

        Defendant-Appellant.

UNPUBLISHED
June 29, 2023

No. 364831
Wayne Circuit Court
LC No. 21-103917-DM

Before: HOOD, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

Defendant appeals of right the trial court's judgment of divorce, which awarded the parties joint legal custody of their children, but provided sole physical custody to plaintiff, with parenting time for defendant every other weekend, alternating Wednesday evenings, and four weeks during the summer. Because the trial court did not explain whether the award of physical custody would modify the children's established custodial environment and did not identify the burden of proof that it applied in determining its custody award, we must vacate the trial court's order and remand the case for further proceedings on the issues of physical custody and parenting time.

## I. FACTUAL BACKGROUND

Plaintiff and defendant were both born in Syria. They married there in July 2000 and, not long after, they moved to the United States. While residing in Syria, plaintiff earned her medical degree. After moving to the United States, she spent the first few years becoming accredited to practice medicine in the United States. During that time, and for a few additional years, defendant attended two universities and earned his Master's degree and his Ph.D. in electrical and computer engineering. Plaintiff participated in a residency program at Henry Ford Hospital, worked for several years at another hospital, and eventually opened her own private practice specializing in obstetrics and gynecology. After he completed his education, defendant taught part-time until he accepted a full-time faculty position in the computer-science department of a private school in metropolitan Detroit. In October 2009, plaintiff gave birth to twins, RB and TB. Then, in October 2015, plaintiff gave birth to the parties' third child, JB.

In April 2019, plaintiff filed a complaint for divorce. She dismissed the action in either October or November 2019. Then, in April 2021, plaintiff again filed for divorce. Soon thereafter, defendant counterclaimed for divorce. Throughout the pendency of the action, both plaintiff and defendant continued to reside in the family home with the children and their maternal grandmother.

The divorce trial began on April 22, 2022, and, after six days of hearings, it concluded on September 12, 2022. The parties were unable to agree on any issues, so the trial court was required to resolve the issues of custody, parenting time, child support, and the division of marital property. In addressing custody and parenting time, the trial court initially found that an established custodial environment existed only with plaintiff. The trial court awarded the parties joint legal custody of the children, but granted plaintiff sole physical custody. The trial court gave defendant parenting time on every other weekend, alternating Wednesday evenings, and for four weeks in the summer. Thereafter, defendant moved for reconsideration arguing, among other things, that an established custodial environment existed with both parties. On reconsideration, the trial court found that an established custodial environment did exist with both parents, but the trial court did not amend its prior custody and parenting-time awards. Defendant then appealed.

II. LEGAL ANALYSIS

Defendant contends, first and foremost, that the trial court erred by awarding sole physical custody of the minor children to plaintiff. Pursuant to MCL 722.28, in child custody disputes, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." Therefore, "MCL 722.28 distinguishes among three types of findings and assigns standards of review to each." *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011) (quotation marks and citation omitted). Factual findings "are reviewed under the 'great weight of the evidence' standard." *Id*. "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019). " 'The applicable burden of proof presents a question of law that is reviewed de novo on appeal.' " *Griffin v Griffin,* 323 Mich App 110, 118; 916 NW2d 292 (2018). Finally, the trial court's discretionary rulings "are reviewed for an abuse of discretion." *Dailey*, 291 Mich App at 664. "An abuse of discretion exists when the trial court's decision is 'palpably and grossly violative of fact and logic . . . .' " *Id*. at 664-665.

Plaintiff requested joint legal custody, but sole physical custody, of the parties' three minor children, whereas defendant requested joint legal and physical custody. In Michigan, child custody is governed by the Child Custody Act, MCL 722.21 *et seq*. In resolving a dispute about the custody of a child, "[t]he threshold determination is whether an established custodial environment exists." *Marik v Marik,* 325 Mich App 353, 360; 925 NW2d 885 (2018). " 'The established custodial environment is the environment in which over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort.' " *Id*. at 361. An established custodial environment can exist with either the plaintiff or the defendant, or with both parties. *Kessler v Kessler,* 295 Mich App 54, 62; 811 NW2d 39 (2011).

After the trial court determines whether an established custodial environment exists, it must then "consider whether the proposed change would modify the established custodial environment." *Pierron v Pierron,* 486 Mich 81, 85; 782 NW2d 480 (2010). The party requesting to modify the

established custodial environment must prove by clear and convincing evidence that the change is in the child's best interests. MCL 722.27(1). "If a child has an established custodial environment with both parents, neither parent's custody may be disrupted absent clear and convincing evidence that the change is in the child's best interest." *Bofysil v Bofysil,* 332 Mich App 232, 243; 956 NW2d 544 (2020). If the proposed change would not alter the established custodial environment, however, the heightened evidentiary burden is inapplicable. *Pierron*, 486 Mich at 89-90. Instead, the proponent of the change must prove by a mere preponderance of the evidence that the proposed change would be in the child's best interest. *Id.* Hence, decisions concerning the existence of an established custodial environment and the implications of the proposed change are critical because those findings then dictate the burden of proof imposed on the party seeking the change. See, e.g., *Id.* at 93; *Shade v Wright*, 291 Mich App 17, 23; 805 NW2d 1 (2010).

Initially, in its October 28, 2022, opinion, the trial court found that an established custodial environment existed solely with plaintiff because she was "primarily responsible for the day to day operations regarding the minor children and the children look to her for comfort and guidance." The trial court then embarked upon its assessment of the best-interests factors under MCL 722.23. After assessing the best-interests factors, the trial court found that two factors favored plaintiff and the other ten factors were either equal or inapplicable to both parties. The trial court then awarded the parties joint legal custody of their children, but granted sole physical custody to plaintiff.

On November 18, 2022, defendant moved for reconsideration, insisting that the trial court had erred when it determined that the children's established custodial environment was only with plaintiff. Defendant asserted that an established custodial environment existed with both parents, but defendant did not address whether the quantum of proof regarding the children's best interests would change if the children had an established custodial environment with him. In any event, on November 29, 2022, the trial court entered an order finding that it had erred in concluding that the established custodial environment existed only with plaintiff. The trial court reasoned that because the parties lived together and the children looked to both parties for guidance, the children had an established custodial environment with both parents. Nevertheless, the trial court left standing the original custody and parenting-time awards.

The trial court did not expressly identify the applicable evidentiary standard, i.e., clear and convincing evidence or a preponderance of the evidence, or the allocation of the burden of proof. This matters because if an established custodial environment existed with both parties (as the trial court ultimately found) and plaintiff sought an award of custody that would modify the established custodial environment, plaintiff bore the burden of proving by clear and convincing evidence that a modification of that established custodial environment was "in the best interest of" the children. See MCL 722.27(1)(c). But the record is devoid of any indication that the trial court appreciated the implication of its decision on reconsideration to find that an established custodial environment existed with both parents.

Application of an incorrect evidentiary standard constitutes clear legal error, which renders the trial court's ultimate decision regarding custody an abuse of discretion. *Foskett v Foskett,* 247 Mich App 1, 4-5, 8, 13; 634 NW2d 363 (2001). We find that the trial court committed clear legal error on a central issue when it failed to identify and apply the proper standard of proof—clear and convincing evidence—in deciding whether it would be in the children's best interests to grant sole physical custody to plaintiff, and thereby modify the children's established custodial environment.

That error requires us to vacate the trial court's award of physical custody and remand the matter for reevaluation under the proper standard of proof. On remand, the trial court's reevaluation must include consideration of up-to-date information, including events that have occurred since the trial court's original custody order. See *Fletcher v Fletcher,* 447 Mich 871, 889; 526 NW2d 889 (1994). Because the trial court should reevaluate each of the 12 best-interests factors, we need not address defendant's contention that the trial court's findings on those factors were against the great weight of the evidence. Instead, we shall simply vacate the trial court's judgment of divorce as it relates to the award of physical custody and parenting time and remand the case for reevaluation of those matters under the clear-and-convincing-evidence standard based on up-to-date information.

Vacated in part and remanded for further consideration of physical-custody and parenting-time issues. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates