*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JESSICA CURTIS,

        Plaintiff-Appellee,

v

THOMAS CURTIS,

        Defendant-Appellant.

UNPUBLISHED
September 12, 2024

No. 370391
Ingham Circuit Court
Family Division
LC No. 16-004051-DM

Before: PATEL, P.J., and YATES and SHAPIRO,* JJ.

PER CURIAM.

In this child-custody case, defendant, Thomas Curtis, appeals of right the trial court's order denying his motion to modify his parenting time with the parties' children, EC and JC. Defendant argues that the trial court abused its discretion by making several findings against the great weight of the evidence when considering the 12 best-interest factors, and by denying his request to impose conditions on the parenting time of plaintiff, Jessica Curtis. We affirm.

## I. FACTUAL BACKGROUND

The parties divorced in September 2017 and share joint legal custody of their two children, but plaintiff has primary physical custody. Their judgment of divorce requires that if the children engage in extracurricular activities, the parties must mutually agree on the activities. Defendant is required to pay the costs of the extracurricular activities in accordance with the parties' judgment of divorce. In the wake of a separate conflict about the children's school, the trial court reiterated the mutual-agreement requirement for extracurricular activities and clarified the activities that fall within the definition of "extracurricular."

In November 2022, defendant filed a motion concerning parenting time with the children, seeking the ability to register the children for extracurricular activities without plaintiff's approval. Before and during the proceedings, EC participated in travel soccer and JC participated in baseball. Defendant explained that JC wanted to participate in travel baseball, but plaintiff refused to allow

_____

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

-1-

JC to play because of her concerns about the cost and time commitment required by travel baseball. Defendant claimed that plaintiff withheld her support for the children's respective sports because she did not want the children's activities to interfere with her own plans. Beyond that, defendant asked the trial court to place conditions on the parties' parenting time that would require plaintiff's participation and the children's attendance at extracurricular activities during her parenting time.

The trial court referred the issue of parenting time to the Friend of the Court, which in turn recommended that defendant's motion be denied. Following an evidentiary hearing and a de novo hearing, the trial court denied defendant's motion. In its order, the trial court ruled that defendant had not demonstrated that granting his motion was in the best interests of the children and upheld the provision in the judgment of divorce requiring the parties to mutually agree on extracurricular activities. This appeal followed.

## II. LEGAL ANALYSIS

Defendant asserts that the trial court erred in denying his motion concerning parenting time. Pursuant to MCL 722.28, in a child-custody dispute, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." *Brown v Brown*, 332 Mich App 1, 8; 955 NW2d 515 (2020) (quotation marks and citation omitted). Therefore, the statute "distinguishes among three types of findings and assigns standards of review to each." *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011) (quotation marks and citation omitted). This Court reviews "under the great-weight-of-the-evidence standard" the trial court's factual findings. *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019). Findings of fact, such as the trial court's findings on the statutory best-interest factors or whether an established custodial environment exists, are reviewed under "the great weight of the evidence" standard. *Id*. "Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Id*. (quotation marks and citation omitted). "Discretionary rulings, including a trial court's decision to change custody, are reviewed for an abuse of discretion." *Brown*, 332 Mich App at 8. An abuse of discretion exists when the trial court's decision is "palpably and grossly violative of fact and logic." *Id*. (quotation marks and citation omitted).

According to MCL 722.27(1)(c), if the trial court concludes that one or more established custodial environments exists, it "shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." When there is a proposed change to a party's custody or parenting time that would alter the established custodial environment, the moving party bears the burden of proving by clear and convincing evidence that the proposed change is in the child's best interests. *Kuebler v Kuebler*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362488); slip op at 17. But when a modification to parenting time does not alter a child's established custodial environment, the preponderance-of-the-evidence standard applies. *Sabatine v Sabatine*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165279); slip op at 5. To determine the best interests of the children in a child-custody case, a trial court "must consider all the factors delineated in MCL 722.23(a)-(*l*) applying the proper burden of proof, and the proper burden of proof is based on whether or not there is an established custodial environment[.]" *Griffin v Griffin*, 323 Mich App 110, 119-120; 916 NW2d 292 (2018)

(quotation marks and citations omitted).  With these standards in mind, we shall address the issues raised by defendant on appeal.

## A.  BEST-INTEREST FACTORS

Defendant challenges the trial court's findings on four of the best-interest factors identified in MCL 722.23: (b) the capacity and disposition of the parties to give the children love, affection, and guidance; (f) the "moral fitness" of the parties; (h) the "home, school, and community record" of the children; and (j) the willingness and ability to facilitate and encourage a close and continuing parent-child relationship between the children and the other parent.  We shall address defendant's challenges to each of those four factors in turn.

Factor (b) focuses on the "capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any."  MCL 722.23(b).  The trial court found that factor (b) favored the parties equally because plaintiff's disagreement concerning travel baseball did not affect her capacity and disposition to give love, affection, and guidance to the children.  The court also found that plaintiff had legitimate concerns about travel baseball, but she was willing to consider alternatives.  Plaintiff testified that she was concerned about the costs and time commitments of travel baseball, but she had found a local baseball team that would allow JC to play competitively without the demands of travel baseball.  Plaintiff further testified that she supported the children's extracurricular activities and attended their games and tournaments.  Defendant testified that he was primarily responsible for registering the children for activities and had coached the children's soccer and baseball teams for several years.  Defendant also testified that he brought the children to activities when plaintiff could not do so.  The record indicates that both parties supported and participated in the children's extracurricular activities to the best of their abilities.  Consequently, we are not convinced that the trial court's finding that factor (b) favored both parties equally was against the great weight of the evidence.  See *Brown*, 332 Mich App at 8-9.

Factor (f) addresses the "moral fitness of the parties involved."  MCL 722.23(f).  The trial court found that this factor was irrelevant to the issues of the children's extracurricular activities.  Factor (f) requires the trial court to consider "the parties' relative fitness to provide for their child, given the moral disposition of each party as demonstrated by individual conduct," and questionable conduct is only relevant if it "necessarily has a significant influence on how one will function *as a parent*."  *Fletcher v Fletcher*, 447 Mich 871, 887; 526 NW2d 889 (1994).  Defendant testified that plaintiff had lied to EC's soccer coaches about not receiving soccer-tournament information in order to schedule a conflicting family vacation.  Also, defendant testified that plaintiff bullied him in front of the children while applying for the children's passports and at JC's baseball game.  Plaintiff denied defendant's allegations, although she did acknowledge that the parties argued over the children's passports and at one of JC's baseball games.  Although defendant argues on appeal that his testimony is evidence of plaintiff's immorality, the record does not indicate that the alleged conduct, even if true, affected plaintiff's ability to function as a parent.  See *id*.  Accordingly, in light of the special deference we must afford to the trial court's credibility assessments and factual judgments, we are not persuaded that the trial court's finding as to the relevance of factor (f) was contrary to the great weight of the evidence.  See *Brown*, 332 Mich App at 8-9.

Factor (h) directs the trial court to assess the "home, school, and community record of the child." MCL 722.23(h). The trial court found that factor (h) was also not relevant to the immediate issue. Defendant testified that plaintiff prevented the children from participating in extracurricular activities during her parenting time, and he provided a detailed account of the practices and games the children had missed over approximately two years. Defendant also accused plaintiff of making him choose between bringing the children to activities during plaintiff's parenting time or forcing the children to miss events. Plaintiff testified that she did not attempt to force the children to miss any extracurricular activities, and she explained that the children only missed events if they were sick, out of town, or had conflicting events. Defendant offered plaintiff's e-mails to the children's coaches to document the children's absences from activities, but those e-mails supported plaintiff's testimony. Therefore, as with our evaluation of factor (f), we are not persuaded that the trial court's finding as to the relevance of factor (h) was contrary to the great weight of the evidence considering the special deference afforded to the trial court's credibility assessments and factual findings. See *Brown*, 332 Mich App at 8-9.

Factor (j) focuses upon "[t]he willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents." MCL 722.23(j). The trial court found that factor (j) favored plaintiff because of defendant's blatant disregard for its prior order, defendant's unwillingness to consider plaintiff's concerns, and defendant's efforts to control situations involving the children. Defendant acknowledged that he registered JC for travel baseball despite plaintiff's disapproval. Conversely, plaintiff testified that she sought defendant's approval before registering the children for activities and respected defendant's disapproval. Plaintiff also testified that defendant frequently registered the children for extracurricular activities without consulting her and made decisions regarding the children, such as piercing their ears, even though she disagreed. Also, both parties testified about an instance when defendant refused to let the children apply for passports until plaintiff agreed to have them sent to defendant's house, even though plaintiff had an upcoming international trip with the children. The record reflects that defendant admitted to disregarding plaintiff's disapproval of travel baseball, and it also reveals that defendant routinely made decisions regarding the children's extracurricular activities without plaintiff's approval or knowledge. Thus, we cannot say the trial court's finding as to factor (j) was contrary to the great weight of the evidence. See *Brown*, 332 Mich App at 8-9.

## B. CONDITIONS ON PARENTING TIME

In addition to challenging the trial court's evaluation of the best-interest factors, defendant contests the trial court's refusal to impose conditions on plaintiff's exercise of her parenting time. But defendant provides meager support for his argument. He simply contends that the trial court had discretion to impose conditions on plaintiff's parenting time that would have a positive impact on the parties' children. Addressing the ability of a trial court to impose conditions on parenting time, the Legislature authorized trial courts to provide for reasonable parenting time in custody disputes, in accordance with the best interests of the child, through MCL 722.27(1) and MCL 722.27a. *Kaeb v Kaeb*, 309 Mich App 556, 569; 873 NW2d 319 (2015). A trial court may subject parenting time to "conditions" when it determines the conditions to be in the child's best interests, MCL 722.27(1)(b), or if the conditions "facilitate the orderly and meaningful exercise of parenting time." MCL 722.27a(9).

Defendant relies only on *Kaeb*, 309 Mich App 556, to support his position, but he fails to address its factual dissimilarities. Here, plaintiff largely supported the children's extracurricular activities: she attended JC's baseball games and tournaments; she attended EC's soccer games and tournaments; and she tried to find baseball leagues in her area for JC that would allow him to play competitively. The record demonstrates that plaintiff permitted the children to miss extracurricular activities during her parenting time only if they were sick, out of town, or had conflicting events, and the record reveals that plaintiff communicated with defendant when she was not able to bring the children to extracurricular events during her parenting time. Defendant has failed to establish that any condition requiring plaintiff to bring the children to their extracurricular activities would be in the children's best interests, see MCL 722.27(1)(b), or that such a condition is imperative to facilitate orderly and meaningful parenting time with the children, see MCL 722.27a(9). Because defendant had the burden to establish, by a preponderance of the evidence, that his parenting-time modification and proposed parenting-time conditions are in the children's best interests, the trial court did not abuse its discretion by denying his motion. See *Brown*, 332 Mich App at 8.

Affirmed.

/s/ Sima G. Patel
/s/ Christopher P. Yates
/s/ Douglas B. Shapiro